Snyder (et al., Appellants), *v.* Shamokin Area School District.

Argued September 18, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

*Myron M. Moskowitz,* for appellants.

*Leonard R. Apfelbaum,* for appellee.

OPINION BY HOFFMAN, J., November 16, 1973:

This is an appeal from a summary judgment in favor of the appellee school district on the basis of governmental immunity.

The instant action arose as a result of injuries sustained by the appellant's 12-year old son when an iron fence in the school yard fell upon him. The school district filed preliminary objections in the nature of a demurrer to the complaint, and a motion for summary judgment, both based upon the doctrine of governmental immunity. On May 7, 1973, the lower court dismissed appellant's complaint. On May 23, 1973, the Supreme Court of Pennsylvania abolished the doctrine of governmental immunity. *Ayala v. Philadelphia Board of Education*, 453 Pa. 584, 305 A. 2d 877 (1973). Subsequent to *Ayala*, but within the statutory period, appellant took a direct appeal to this Court.

Appellee argues that *Ayala*, supra, while abolishing governmental immunity, did not speak to the question of retroactivity. Appellee contends, therefore, that this Court may afford only prospective effect to future cases decided after *Ayala*.

While we believe that there is ample authority for deciding the question of retroactivity, see, e.g., *Nolan v. Tifereth Israel Synagogue of Mount Carmel, Pa.*, 425 Pa. 106, 227 A. 2d 675 (1967),[1] it is not necessary for us to expound on this issue. Subsequent to *Ayala*, supra, our Supreme Court reversed two cases which had been dismissed on governmental immunity grounds prior to *Ayala*, and were before the Court on direct appeal, *Kitchen v. Wilkinsburg School District*, 455 Pa. 633, 306 A. 2d 294 (1973); *Hansen v. Wilkinsburg School District*, 455 Pa. 633, 306 A. 2d 294 (1973). Though the decisions were filed as Per Curiam Orders,

---

[1] In *Nolan*, our Supreme Court gave retrospective effect to *Flagiello v. Pennsylvania Hospital*, 417 Pa. 486, 208 A. 2d 193 (1965). which abolished the doctrine of charitable immunity. Though the Court did not discuss the issue, it applied the holding in *Flagiello*, despite the fact that the cause of action arose more than two years prior to the date of *Flagiello*, at a time when immunity was upheld as a matter of course.

372

*sans* opinions, we believe that this action by our Supreme Court demonstrates the clear intent to apply *Ayala* to all cases which are, at the very least, pending or on appeal.

We, therefore, reverse the judgment of the court below, vacate the order dismissing plaintiff's complaint, and remand the case to the lower court to enter an appropriate order overruling defendant's Preliminary Objections and granting defendant leave to file an Answer to the Complaint within a reasonable period of time.