## Ehrhart v. Warwick

*William D. March,* for defendant.

*Stanley R. Kotzen,* for proposed additional defendants.

DeFURIA, J., June 28, 1974.—Defendant has petitioned the court for leave to join the City of Chester and James Sharp and John Doe as additional defendants nunc pro tunc, who answered opposing the joinder. Testimony was offered on behalf of petitioners, and the matter then argued before the court en banc.

The history of this litigation shows that:

On December 18, 1969, plaintiff was injured when a fire escape belonging to defendant collapsed.

Suit against defendant was begun by summons on December 16, 1971, nearly two years later. Defendant was served on March 8, 1972.

On August 17, 1972, plaintiff filed his complaint.

On September 27, 1972, defendant filed his complaint against the City of Chester, alleging that the city negligently inspected the fire escape, and defendant relied upon the inspection.

On November 22, 1972, the city filed preliminary objections assigning four reasons: governmental immunity, lack of any duty owed to defendant, failure

to state a cause of action, and failure to give six months' notice to the municipality. This court (Lippincott, J.) sustained the objections and entered judgment for the city on February 2, 1973. No appeal was taken by defendant.

On February 16, 1973, nearly 14 months after defendant had been served with the complaint, and without leave of court, defendant filed a complaint against James Sharp and John Doe, alleging that, as the city's inspectors, they negligently inspected the fire escape and defendant relied thereupon. Preliminary objections were interposed, and on November 1, 1973, this court (Wherry, J.) sustained the preliminary objections and dismissed the complaint for failure to conform to Pennsylvania Rule of Civil Procedure 2253.

On May 23, 1973, our Supreme Court modified the doctrine of governmental immunity, limiting its protection to the sovereign State alone.

On November 27, 1973, defendant filed the instant petition to join nunc pro tunc.

On the record before us, we find neither legal nor equitable reasons to permit the late joinder.

Defendant did not appeal the final ruling of this court as to the city of February 2, 1973. After the passage of the appeal period, that matter was ended and became res adjudicata. Nothing is pending before this court which can justify a grant of the petition to join at this late date.

The original joinder of the individual additional defendants was grossly improper. Defendant did not ask for leave of court, and acted 14 months after service of the complaint upon her, or 12 months after the time permitted. In addition, the statute of limitations has now tolled as to these defendants, and no appeal was taken from the order of this court striking

the joinder on November 1, 1973. Defendant's reasons for the late joinder were found to be unmeritorious by this court at that time. So, again, the issue was finally determined when defendant failed to appeal a final order.

Both issues as to joinder of the city and of the individual additional defendants were concluded, and were neither on appeal nor pending at the time of the Ayala decision. Snyder v. Shamokin Area School District, 226 Pa. Superior Ct. 369 (1973), the decision of the Supreme Court abolishing the doctrine of governmental immunity, applies to all cases which were, at the very least, pending or on appeal at the time of the decision.

Therefore, we enter the following:

## ORDER

And now, June 28, 1974, the petition of defendant to join the City of Chester and James Sharp and John Doe as additional defendants nunc pro tunc is refused, denied and dismissed.