Haines Industries, Inc. et al. *v.* City of Allentown, Appellant.

Submitted June 13, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Wallace C. Worth, Jr., Jeffrey R. Dimmich,* and *Worth & O'Hara,* for appellant.

*Mark H. Scoblionko,* and *Scoblionko & Scoblionko,* for appellees.

OPINION BY WATKINS, P. J., December 1, 1975:

This is an appeal from an order of the Court of Common Pleas of Lehigh County granting appellees' motion for summary judgment on the issue of res judicata and opening prior judgments obtained by appellant.

On March 22, 1972, the appellees filed two complaints against the City of Allentown, alleging a cause of action arising out of a fire which occurred on September 24, 1971. To both complaints, the appellant, City of Allentown, filed preliminary objections in the nature of a demurrer alleging governmental immunity from suit. On January 9, 1973, an order was entered sustaining the

demurrer of the appellant to both the complaints filed by the appellees and judgments were entered for the appellant. No appeal was taken.

Subsequently, the Supreme Court of Pennsylvania in the decision of *Ayala v. Philadelphia Board of Public Education*, 453 Pa. 584, 305 A. 2d 877 (1973), overturned the doctrine of governmental immunity. On June 12, 1973, the same appellees filed another complaint against the appellant. This complaint incorporated by reference both of the prior complaints. The complaint added no new facts or averments.

On September 6, 1973, preliminary objections were filed by the appellant in the nature of a motion for a more specific pleading. By agreement between the parties, the preliminary objections of the appellant were withdrawn and the appellees and appellant entered into a stipulation that the averments of the appellees' complaint were deemed denied. The stipulation was filed on November 12, 1973. Further, the appellant filed an answer and new matter to this complaint alleging in the new matter the defense of res judicata.

On November 16, 1973, preliminary objections were filed by the appellees seeking to strike off the new matter of res judicata raised by the appellant. By an order dated February 26, 1974, said preliminary objections were dismissed. On March 20, 1974, a reply to the new matter was filed by the appellees, and subsequently, on March 28, 1974, the appellees filed a motion for partial summary judgment on the issue of res judicata. On April 3, 1974, the appellant filed an answer to the motion for partial summary judgment. On October 8, 1974, the court upheld the appellees' motion for partial summary judgment thereby striking down the appellant's defense of res judicata.

The sole issue here involved is whether the judgments entered in the prior cases from which no appeals were

taken would properly form a basis for the defense of res judicata in the present action.

The doctrine of res judicata is that where a final valid judgment upon the merits by a court of competent jurisdiction has been rendered, it is a bar to any future suit between the same parties on the same cause of action. *Burke v. Pittsburgh Limestone Corporation,* 375 Pa. 390, 100 A. 2d 595 (1953). The theory behind such a doctrine rests on public policy and on hardship to the individual that he should be vexed twice for the same cause. Further, the courts have held that the doctrine of res judicata should receive a liberal construction and should be maintained and applied without technical restriction. *Hochman v. Mortgage Finance Corporation,* 289 Pa. 260, 137 A. 252 (1927).

The Restatement of Judgments, Section 1, states: "Where a reasonable opportunity has been afforded to the parties to litigate a claim before a court which has jurisdiction over the parties and the cause of action, and the court has finally decided the controversy, the interests of the State and of the parties require that the validity of the claim and any issue actually litigated in the action shall not be litigated again by them."

Further, Comment B to Section 1 of the Restatement of Judgments states: "The principle stated in this Section is applicable although the judgment was erroneous, either on the law or on the facts. The unsuccessful party has an opportunity to attack the judgment by steps properly taken in the action in which the judgment is rendered. He may take proceedings in the trial court to have the judgment set aside. He may take proceedings in an appellate court to have it reversed. He cannot, however, in a subsequent action relitigate the matters determined by the judgment."

In the case of *Love v. Temple University,* 422 Pa. 30, 33, 220 A. 2d 838, 840, (1966) the Supreme Court said: "Love could and should have taken an appeal from

192

the previous order; the failure to do so renders the doctrine of res judicata applicable, and precludes the vacation of the order after the time of appeal has passed."

This Court in *Snyder v. Shamokin Area School District*, 226 Pa. Superior Ct. 369, 311 A. 2d 658 (1973) has applied the Supreme Court ruling in *Ayala*, supra, to cases where an appeal was pending but the matter was not yet finally determined. Such is not the case at hand.

The defense of res judicata is here applicable and valid.

Order reversed and judgments reinstated.