Cooper, Appellant, v. Downingtown School District et al.

Argued September 8, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Richard S. March,* with him *Galfand, Berger, Senesky, Lurie & March,* for appellant.

*Stephen J. Polaha,* with him *Arthur Levy,* and *Levy and Levy,* for appellee.

OPINION BY PRICE, J., February 2, 1976:

This is an appeal of an order entered by the court below, sustaining the preliminary objections of the appellee, Downingtown School District, and dismissing the appellant's complaint against that appellee. The propriety of this order is now being questioned.

In December[1] of 1966, William B. Cooper, the minor appellant, was seriously injured while on property owned and maintained by the appellee, Downingtown School District. On June 10, 1974, the appellant filed a complaint in trespass, alleging, in part, that the appellant's injuries were negligently caused by the appellee. The appellee filed preliminary objections to the complaint contending, *inter alia*, that at the time the cause of action arose the doctrine of governmental immunity prohibited suits against school districts. The lower court sustained the appellee's preliminary objections on this basis and dismissed the complaint against it. We affirm the order of the lower court.

At all times relevant to the instant case, that is, from December, 1966, when the appellant was injured, until December, 1968, when the statute of limitations expired, the law of this Commonwealth prohibited suits against school districts by virtue of governmental immunity. The appellant made *no effort* to institute suit during the applicable limitations period. In fact, no complaint was filed until more than one year following the abolition of governmental immunity in *Ayala v. Philadelphia Board of Public Education*, 453 Pa. 584, 305 A.2d 877 (1973).

In *Snyder v. Shamokin Area School District*, 226 Pa. Superior Ct. 369, 311 A.2d 658 (1973), this court indicated that *Ayala* would be applied to cases pending at the time *Ayala* was decided. *Snyder* is not controlling in the instant case because this suit was not pending, nor apparently even contemplated, in May of 1973, when *Ayala* was handed down. Moreover, the instant case could not have been pending at the time of the *Ayala* holding because the applicable statute of limitations expired four and one-half years beforehand.

From December, 1966, through December, 1968, this appellant had no legal redress for his injury. At all times

---

1. No specific day in December, 1966, is alleged as the date of the accident.

during his limitations period, the courts of Pennsylvania consistently refused to hear suits against school districts. Therefore, he could not have recovered for his injury then, and we believe that he is also unable to do so now. Appellant made no attempt to "champion the cause," *Ayala, supra* at n.10, and should not now benefit from another's successful endeavor.

One subsidiary point to this case should also be mentioned. Although the issue of the expiration of the statute of limitations is properly raised under new matter, Pa. R.C.P. 1030, rather than by preliminary objection,[2] Pa. R.C.P. 1017 (b) (4), we will reach the merits at this time, in the interests of judicial economy,[3] for two reasons. First, it was briefed, argued, and considered in the lower court. Secondly, once the statute of limitations is raised in new matter, appellee's right to a judgment on the pleadings, based on the statute of limitations, will be clear. *See* Pa.R.C.P. 1034. Therefore, we see no reason to remand this case for further pleadings.[4]

We affirm the order of the lower court.

---

2. Pa.R.C.P. 1017 (b) (4) provides in pertinent part that: "Preliminary objections are available to any party and are limited to a demurrer, which may include the bar of a non-waivable statute of limitations . . . which bars or destroys the action. . . ." However, in a personal injury action, such as the present case, the statute of limitations does not limit the right of action itself, but rather limits the assertion of that right. The statute of limitations defense here is therefore a waivable defense and should have been pleaded under new matter as prescribed by Pa.R.C.P. 1030.

3. *Cf. Commonwealth v. Jackson,* 463 Pa. 301, 303, 344 A.2d 842, 843 (1975) at n.1.

4. Appellant would have us hold that statutes of limitations do not run against minors. There is clearly no merit to this contention. *See, e.g., Walker v. Mummert,* 394 Pa. 146, 146 A.2d 289 (1958). *But see Schmucker v. Nationwide Mutual Insurance Co.,* 344 F.Supp. 701 (E.D. Pa. 1972).

DISSENTING OPINION BY JACOBS, J.:

I must dissent.

This appeal raises the question of whether the preliminary objections of defendant-appellee Downingtown School District were properly sustained, and the plaintiff's complaint as to that defendant dismissed, on the ground that the school district was immune from liability when acting within its legitimate governmental functions. I would hold that the preliminary objections were improperly sustained and would therefore reverse the order below.

According to appellant's complaint, the minor plaintiff, William B. Cooper, sustained serious injuries resulting in blindness due to a fall on ice in the school yard in December, 1966. At that time, Pennsylvania espoused the doctrine of governmental immunity and school districts were considered immune from suit. *See, e.g., Dillon v. York City School District*, 422 Pa. 103, 220 A.2d 896 (1966) (minor plaintiff, injured in fall on icy steps on school grounds, denied recovery on basis of governmental immunity); *Shields v. Pittsburgh School District*, 408 Pa. 388, 184 A.2d 240 (1962) (school district not liable for injury to child in school yard, resulting in loss of vision, due to governmental immunity). On May 23, 1973, the Supreme Court of Pennsylvania abolished the doctrine of governmental immunity in *Ayala v. Philadelphia Board of Public Education*, 453 Pa. 584, 305 A.2d 877 (1973), overruling its prior decisions to the contrary. The plaintiff's complaint was filed on June 10, 1974, to which the defendant Downingtown School District raised preliminary objections in the nature of a demurrer, claiming that there was "no basis under the applicable law existing at the time the alleged cause of action arose and during the statutory period of limitations for imposing liability on a school district acting within the scope of its legitimate governmental functions." These preliminary objections were sustained and the complaint as to

the school district dismissed, by an order of the lower court, without an opinion.

The new law in respect to governmental immunity announced in *Ayala* was held to be applicable to cases pending or on appeal at the time of its pronouncement, even though the incidents giving rise to the cause of action occurred prior to the decision in *Ayala*. *Snyder v. Shamokin Area School District*, 226 Pa. Superior Ct. 369, 311 A.2d 658 (1973).[1] Thus it is clear that *Ayala* is certainly to be applied to those cases initially brought subsequent to its holding. We cannot, therefore, approve the lower court's dismissal of the present action on the ground of governmental immunity.

Appellee school district both in its brief and in oral argument, strenuously presses the additional contention that *Ayala* is not to be applied to those cases in which the cause of action arose sufficiently prior to *Ayala* to be barred by the statute of limitations. If the claim is indeed barred by the statute of limitations, this issue would be properly raised as an affirmative defense and pleaded under "New Matter" in the defendant's answer. Pa.R.C.P. 1030.[2] "Since each of appellee's defenses are waivable,

---

1. In *Snyder v. Shamokin Area School District*, 226 Pa. Superior Ct. 369, 311 A.2d 658 (1973), it is noted that the Supreme Court applied its holding in *Flagiello v. Pennsylvania Hospital*, 417 Pa. 486, 208 A.2d 193 (1965), abolishing the doctrine of charitable immunity, to a case on appeal despite the fact that the cause of action arose more than two years prior to *Flagiello*. See *Nolan v. Tifereth Israel Synagogue*, 425 Pa. 106, 227 A.2d 675 (1967).

2. Pa.R.C.P. 1017, relating to preliminary objections, provides: "Preliminary objections are available to any party and are limited to

"....

"(4) a demurrer, which may include the bar of a non-waivable statute of limitations or frauds which bars or destroys the right of action. . . ."

Where the statute of limitations is a waivable defense, it is to be pleaded under "New Matter" as set forth by Pa.R.C.P. 1030.

410

Brown v. Hahn, 419 Pa. 42, 213 A.2d 342 (1965) (statute of frauds), and Leister v. Miller, 376 Pa. 452, 103 A.2d 656 (1954) (statute of limitations), these defenses may be raised *only* by new matter in a defendant's answer." (Emphasis original). *Royal Oil & Gas Corp. v. Tunnelton Mining Co.*, 444 Pa. 105, 109, 282 A.2d 384, 386 (1971). Here, the only pleading filed by the appellee was the preliminary objection. Therefore, it is my opinion that the question of the statute of limitations is not properly before this Court, nor was it properly before the lower court. Appellee's preliminary objections should not be sustained, and the order should be reversed.

CERCONE and SPAETH, JJ., join in this dissenting opinion.

---

In personal injury actions, such as the one at bar, the statute of limitations constitutes only a procedural bar to the remedy and not to the cause of action itself. *Goldstein v. Stadler*, 417 Pa. 589, 208 A.2d 850 (1965); *Echon v. Pennsylvania R.R. Co.*, 365 Pa. 529, 76 A.2d 175 (1950). Therefore it is a waivable defense. *Bellotti v. Spaeder*, 433 Pa. 219, 249 A.2d 343 (1969). "It is not a defense absolute which will be taken notice of by the court nor may it be raised by preliminary objection." *Sykes v. Southeastern Pa. Transp. Authority*, 225 Pa. Superior Ct. 69, 73, 310 A.2d 277, 280 (1973).