## Commercial Credit Corporation v. Pasquarello (No. 1)

*Herman Feldman,* for plaintiff.
*Frank J. Piatek,* for defendants.

HENDERSON, *P.J.*, March 22, 1978—Preliminary objections have been filed in the nature of a demurrer, a motion for a more specific pleading and a motion to strike the complaint in assumpsit filed on May 5, 1975. The complaint alleges that on February 26, 1969, plaintiff loaned defendants $1,882.50 under a promissory note and as security for this loan received a secured interest in a 1966 Chevrolet automobile. Defendants defaulted in their payments after July of 1969 and in the fall of that year the automobile was repossessed by plaintiff and sold in accordance with the provisions of the Pennsylvania Motor Vehicle Sales Finance Act of June 28, 1947, P.L. 1110, 69 P.S. §601. The money received upon the sale and a finance refund

were credited to defendants' account, leaving an outstanding balance of $883.37.

Defendants demurred, claiming that this action is barred by the statute of limitations. Their motion for a more specific pleading requests that plaintiff be required to attach to the complaint the return receipt from the certified letter which was sent to defendants in 1969 giving them final notice of repossession as required by the Motor Vehicle Sales Finance Act. Finally, in their motion to strike defendants contend that the verification to the complaint is defective since the expiration date of the commission of the notary before whom the verification was sworn is not designated.

As is readily apparent, defendants' primary objection is based upon the statute of limitations. Their argument on this point is that the four-year statute of limitations found in the Uniform Commercial Code of April 6, 1953, P.L. 3, as amended, 12A P.S. §2-725, applies to this action rather than the six-year statute of limitations contained in the Act of March 27, 1713, 1 Sm. L. 76, sec. 1, 12 P.S. §31. However, before we can delve into the merits of this argument, we must first resolve a rather difficult procedural question of whether this defense can be raised on preliminary objections.

Under Pa.R.C.P. 1017(b)(4) only a non-waivable statute of limitations or frauds which bars or destroys the right of action and the applicability of which appears on the face of the complaint may be raised by preliminary objections in the nature of a demurrer. But plaintiff, in his answer to the preliminary objections, did not object to defendants' raising the statute of limitations on preliminary objections and instead denied the merit of the objection, i.e., he argued that the six rather than the

four-year statute of limitations applied. Therefore, we must initially decide whether plaintiff's failure to object to defendant's raising of the statute of limitations waives this objection or whether Pa.R.C.P. 1017(b)(4) is mandatory. If we hold that such objection is waivable we may move on to the merits of the matter but, if we find otherwise, then it must next be determined whether the four-year statute of limitations found in the Uniform Commercial Code is waivable or non-waivable. If that statute is found non-waivable then we can decide which statute of limitations applies under the facts of this case, but if the Uniform Commercial Code statute of limitations is found waivable then the demurrer must be dismissed.

In grappling with the threshold question, we note that our appellate courts have not been entirely consistent in this area. Originally it was held that failure to object to preliminary objections raising the statute of limitations acts as a waiver: Rufo v. Bastian-Blessing Co., 417 Pa. 107, 207 A. 2d 823 (1965); Lawrence County Housing Authority v. Fireman's Fund Insurance Co., 23 Lawrence 114, 40 D. & C. 2d 597 (1966); but later the Supreme Court ruled that under the 1969 amendments to Pa.R.C.P. 1017(b) the defense of a waivable statute of limitations or statute of frauds may be raised only by new matter and that improper preliminary objections will be dismissed even though the other party does not object that the preliminary objection was improperly pleaded: Royal Oil & Gas Corp. v. Tunnelton Mining Co., 444 Pa. 105, 282 A. 2d 384 (1971); Ziemba v. Hagerty, 436 Pa. 179, 259 A. 2d 876 (1969).

This would seem to resolve our question. How-

ever, in at least two subsequent cases the appellate courts have seemingly ignored this rule and have gone on to rule on the merits. In Lamp v. Heyman, 469 Pa. 465, 366 A. 2d 882 (1976), even though defendant filed improper preliminary objections raising the statute of limitations, additional defendant filed an answer and new matter correctly raising the statute to which plaintiff replied admitting the facts in issue. So the Supreme Court's decision to make a determination on the merits there can be justified since the statute of limitations was properly raised and plaintiff did have an opportunity to reply.

In Cooper v. Downingtown School District, 238 Pa. Superior Ct. 404, 357 A. 2d 619 (1976), the Superior Court, by a four-three decision, decided a statute of limitations issue even though it was improperly raised by preliminary objections. The majority, although recognizing that the defense was improperly pleaded, justified its reaching the merits in the interests of judicial economy because the merits of the issue had been argued, briefed, and considered in the lower court, and because defendant's right to a judgment on the pleadings was clear. But the Superior Court has recently indicated that it believes the better rule is to strictly refuse to consider improperly raised, waivable defenses, rather than make various exceptions under the guise of judicial economy as was done in Cooper, supra: Duffee v. Judson, 251 Pa. Superior Ct. 406, 410, 380 A. 2d 843, 845, fn. 2 (1977).

We hold that the requirement of the Rules of Civil Procedure that waivable statute of limitations and statutes of frauds be raised only in new matter is mandatory and the court must decide the propriety

of the demurrer even though plaintiff did not object to its being improperly pleaded: Royal Oil & Gas Co., supra; 2 Goodrich-Amram 2d §1017(b):11.

Under Pa.R.C.P. 1017(b)(4) a statute of limitations or statute of frauds may only be raised by a demurrer if it provides a bar against plaintiff (1) which cannot be waived by defendant, (2) which destroys the right of action of plaintiff, and (3) the applicability of which appears on the face of the complaint. If any of these three requirements is absent, then the defense may be raised only by new matter in defendant's answer: Duffee v. Judson, supra.; 2 Goodrich-Amram 2d §1017(b):11.

The statute of limitations in question is found at 12A P.S. §2-725 and states:

"(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.
" . . .
"(4) This section does not alter the law on tolling of the statute of limitations nor does it apply to causes of action which have accrued before this Act becomes effective."

Although no Pennsylvania appellate court has ruled on whether this statute is procedural or substantive, this exact issue has been thoroughly discussed by President Judge Coffroth of the Court of Common Pleas of Somerset County in Spickler v. Lombardo (No. 1), 32 Somerset 16 (1976). He first compared the language used in section 2-725 with that of other Pennsylvania Statutes of Limitations and concluded that the language in section 2-725 more closely corresponded with the language found

in statutes found to be procedural by Pennsylvania courts. He also noted that statutes of limitations which relate to causes of actions recognized prior to the enactment of the statute of limitations are usually held to be procedural, whereas statutes of limitations applying to statutorily created claims, such as workmen's compensation, tax refunds, and mechanic's liens are more likely to be considered as substantive time limitations. Rights of actions controlled by section 2-725 were not created by the Uniform Commercial Code, but were previously allowed by the Uniform Sales Act which was subject to the general six year statute of limitations, 12 P.S. §31, which is waivable.

Defendant in this case argued that the second sentence of section 2-725(1) makes the section non-waivable. But, as Judge Coffroth pointed out, this provision which forbids extension of the period of limitation by the parties only applies to extending the limitation in the original agreement, so that post-agreement waivers or waivers in litigation for failure to plead the statute are still possible: Spickler v. Lombardo, supra, at 30-31.

We find the reasoning of Judge Coffroth persuasive and agree with his conclusion that section 2-725 is a procedural Statute of Limitation waivable by the parties and that therefore it must be pleaded in new matter rather than raised by preliminary objections.

This finding is in accord with decisions of Federal courts in Natale v. Upjohn Company, 356 F. 2d 590 (3d Cir. 1966), affirming Natale v. Upjohn Company, 236 F. Supp. 37 (D.C. Del. 1964), and Lewis v. Food Mach. & Chem. Corp., 245 F. Supp. 195 (W.D. Mich. 1965), all of which interpreted section 2-725 under Pennsylvania law as being procedural rather than substantive.

The six-year statute of limitations, 12 P.S. §31, which plaintiff wishes to apply to this case is clearly procedural; see Stephenson v. Pence, 25 Lawrence 506 (1977), so that it could not be the basis for a demurrer either.

The demurrer must be dismissed and a determination of which statute of limitation applies to these facts must be held in abeyance until such time as the matter is properly before the court.

Defendant in his motion for a more specific pleading asks that the return receipt from a certified letter allegedly giving defendants formal notice of the repossession of their car be attached to the complaint. Pa.R.C.P. 1019 only requires that writings upon which a claim or defense is based be attached to the pleadings. Plaintiff's claim is based upon a promissory note and a security agreement, both of which are attached to the complaint. The repossession itself only relates to how much remains due on the note, and is certainly not a basis for plaintiff's cause of action. Evidence of notice of the repossession may be relevant at trial, but it obviously is not required to be attached to the pleadings. The motion for a more specific pleading is denied.

Finally, defendant filed a motion to strike the complaint because the notarization of the verification of the complaint did not contain the expiration date of the notary's commission. Plaintiff, in his brief, has offered to supply a new verification if required to do so. We think that to erase any possible doubts about the validity of the verification, we will order him to so act. Certainly we will not strike the complaint for such a minor procedural defect, particularly since no prejudice to defendants has been shown. Plaintiff will be permitted to amend the

verification of his complaint to meet defendant's objection.

## ORDER

Now, March 22, 1978, it is hereby ordered, adjudged and decreed that defendants' demurrer is hereby dismissed; defendants' motion for a more specific pleading is hereby refused, and defendants' motion to strike the complaint is likewise refused. However, plaintiff is permitted to amend the verification to the complaint.