**Bender v. Seletski**

*Mark A. Peleak*, for plaintiff.
*George R. Seletski*, pro se.

DALESSANDRO, *J.*, December 31, 1979—

## NATURE OF PROCEEDINGS

This matter is before the court en banc on plaintiff's motion for new trial on defendant's counterclaim and on defendant's motion for new trial or in the alternative for judgment n.o.v.

## HISTORY AND FACTS

Plaintiff, Wanell Bender, was injured when a portion of the ceiling plaster in her apartment, leased from defendant, George R. Seletski, fell on her while she was rearranging furniture on March 19, 1975. Mrs. Bender filed her complaint on May 5, 1976, alleging in count one in trespass that Mr. Seletski had breached a covenant to repair the premises and keep them in good order and in count two in assumpsit that he had breached an implied warranty of habitability. Defendant filed an answer with new matter in which he denied the averments of the complaint and asserted that plaintiff had violated the terms of her lease and had been contributorily negligent. In a separate counterclaim, defendant sought to recover back rent and damages for repairs made to the apartment after plaintiff vacated the premises in September, 1975. To close the pleadings, plaintiff filed a reply to defendant's new matter and counterclaim wherein she disputed the existence of a valid lease between the parties and denied the remaining allegations.

Trial commenced on March 29, 1978. After hearing testimony from the parties and several other witnesses, the jury rendered verdicts as follows: in favor of plaintiff on her complaint in the amount of $3,158, and in favor of defendant on his coun-

terclaim in the amount of $600. Mrs. Bender thereafter filed a motion for new trial on the counterclaim and Mr. Seletski a motion for new trial or in the alternative for judgment n.o.v.

On March 20, 1979, Attorney Edmund A. Grudkowski filed a petition to withdraw as counsel for defendant. After a hearing held on March 28, 1979, and with defendant's consent, an order was entered granting the prayer of the petition. Mr. Seletski was advised at the hearing of his obligation to obtain new representation for proceedings on the pending post-trial motions.

Despite this admonition, defendant failed to file a brief in response to plaintiff's brief on her motion, failed to file a brief in support of his own motion, and failed to appear for argument on the motions on June 13, 1979. By letter dated June 15, 1979, the court informed Mr. Seletski that although his June 7 request for a continuance had been denied, he would be granted an additional ten days in which to submit a brief. As of the date of this opinion and order, defendant has neither filed a brief nor has any attorney for defendant contacted the court regarding this matter. Thus, we deem the post-trial motions ripe for decision.

## DISCUSSION AND LAW

Luzerne County Court of Common Pleas Rule 210, Briefs, provides at subsection (b) that "If the proponent is not ready to proceed with brief or fails to answer the call of the list on the day of argument, the matter shall be dismissed as of course." We believe that defendant's non-compliance with subsection (a) of Rule 210, regarding filing of briefs, should result in the sanction of dismissal. Mr.

Seletski had ample opportunity to procure counsel and to pursue his post-trial motion but nevertheless failed to do so. Accordingly, his motion for new trial or in the alternative for judgment n.o.v. will be denied, and we will proceed to the disposition of plaintiff's motion pursuant to subsection (c) of Rule 210.

On April 13, 1978 the Superior Court in Pugh v. Holmes, 253 Pa. Superior Ct. 76, 384 A. 2d 1234 (1978), aff'd. 486 Pa. 272, 405 A. 2d 897 (1979), discarded the principle of caveat emptor and held that an implied warranty of habitability will apply to all residential leases. Under the warranty, the tenant's obligation to pay rent and the landlord's obligation to maintain habitable premises will be mutually dependent. A material breach by one relieves the obligation of the other so long as the breach continues. Id. at 86-87, 384 A. 2d at 1240. In the case at bar, plaintiff contends that the jury's verdict in her favor on the complaint shows that it found that defendant breached the implied warranty of habitability. Therefore, according to plaintiff, she is entitled to a new trial on defendant's counterclaim because she cannot be liable to him for rent or repairs if the breach was total.

Plaintiff's argument, however, is flawed. The verdict in favor of Mrs. Bender could not have been based on implied warranty of habitability because the jury was not charged on that theory. This case was tried two weeks prior to the date the Pugh decision was handed down by the Superior Court, and the jury was instructed in accordance with legal principles applicable at that time. Before Pugh was announced, no appellate court in the Commonwealth had ever recognized the doctrine of implied warranty of habitability in residential

leases. See, e.g., Smith v. M.P.W. Realty Co., Inc., 423 Pa. 536, 225 A. 2d 227 (1967).

The jury was instructed that it could find defendant liable to plaintiff if a preponderance of the evidence showed that Mr. Seletski had breached an express covenant to repair the premises: Reitmeyer v. Sprecher, 431 Pa. 284, 243 A. 2d 395 (1968). This theory, based on section 357 of the Restatement, 2d, Torts, was adopted by the Reitmeyer court and is clearly different from an implied warranty of habitability which is based on contract principles. See Pugh v. Holmes, supra. Plaintiff obviously recognized this distinction when she filed her complaint; her first cause of action, in trespass, was for breach of a covenant to repair, and her second cause of action, in assumpsit, was for breach of implied warranty of habitability.

Viewing the verdict in this light, we do not believe that plaintiff is entitled to a new trial on defendant's counterclaim on the grounds asserted in her motion. First, the verdict was not contrary to the evidence or the weight of the evidence. The jury could reasonably have concluded from the testimony of the parties and from the various exhibits that plaintiff owed defendant several months back rent and that she left the apartment in a ruinous condition for which she alone was responsible.

Second, the verdict was not against the law. A new trial on this ground may only be granted when the jury disregarded the court's instructions, not where it is asserted that the court gave erroneous instructions or that the party seeking relief was entitled to judgment as a matter of law: Miller v. Negley Estate, 81 York 82 (1967). See also Scott v. Pa. Dept. of Highways, 61 Luz. 249 (1971). Here, it is clear that the jury did not disregard the charge. A

finding that defendant was liable to plaintiff in tort for breach of an express covenant to repair the premises was not inconsistent with an additional finding that plainitff was liable to defendant on his counterclaim in assumpsit for back rent and damage she caused to the apartment. Nowhere did the trial judge's instructions rule out such conclusions, and this result was not foreclosed by then governing law.

Our determination that the grounds set forth in plaintiff's motion for new trial are meritless does not, however, end our inquiry. The Pugh decision on implied warranty of habitability, decided during the pendency of post-trial motions in the case at bar, substantially altered several basic principles of landlord-tenant law applicable here. Accordingly, we feel compelled to discuss whether Pugh is to be given retrospective effect such that in the interest of justice a new trial should be awarded to plaintiff.

The threshold test in deciding whether a new decision is to be given prospective application only is whether the decision establishes a new principle of law, either by overruling clear past precedent or by deciding an issue of first impression whose resolution was not clearly foreshadowed: Schreiber v. Republic Intermodal Corp., 473 Pa. 614, 375 A. 2d 1285 (1977). Only such a new principle of law qualifies for nonretrospective application. At first glance, Pugh would appear to meet that standard.

In the majority opinion in Pugh, however, then President Judge Jacobs characterized the decision as not "a complete and sudden break with the past, but only the next step in the law which has been developing in the Commonwealth for a number of years." Id. at 85, 384 A. 2d at 1239. Moreover, in Beasley v. Freedman, 256 Pa. Superior Ct. 208, 389

A. 2d 1087 (1978), the court applied Pugh to a case pending at the time Pugh was handed down although the cause of action had arisen years prior to the date of the Pugh decision. A similar result was reached in Snyder v. Shamokin Area School District, 226 Pa. Superior Ct. 369, 311 A. 2d 658 (1973), with respect to the abolition of governmental immunity.

Assuming, therefore, that Pugh applies retrospectively, at least to all cases pending or on appeal at the time the decision was announced, we hold nevertheless that plaintiff has failed to preserve this issue for review and is not entitled to claim any advantages which might otherwise be afforded her by Pugh. Our holding is based on the sound principle, recognized in Cooper v. Downingtown School District, 238 Pa. Superior Ct. 404, 357 A. 2d 619 (1976), that one who fails to "champion the cause" should not benefit from another's successful endeavor.

Although plaintiff initially raised the issue of implied warranty of habitability in her complaint, she thereafter virtually abandoned that theory, at least with respect to defendant's counterclaim. The implied warranty was not raised as a defense to the counterclaim in plaintiff's reply thereto. No specific point for charge was submitted with regard to defenses to the counterclaim based on the warranty.[1] No additional instructions were requested

---

1. Plaintiff's seventh point for charge referred generally to an implied warranty of habitability but was not framed so as to present the issue to the jury as a defense to liability on the counterclaim.

at trial when the trial judge invited comments from counsel during the charge. Plaintiff's motion for new trial does not assign as error the trial judge's failure to instruct the jury on the warranty theory. We conclude that by her inaction plaintiff has waived her rights and cannot attempt to resurrect this issue at this point in the proceedings.[2]

For the foregoing reasons, plaintiff's motion for new trial on defendant's counterclaim and defendant's motion for new trial or in the alternative for judgment n.o.v. will be denied.

## ORDER

It is hereby ordered that plaintiff's motion for new trial on defendant's counterclaim is denied, defendant's motion for new trial or in the alternative for judgment n.o.v. is denied, and judgments are entered on the verdicts.

---

2. Inasmuch as the doctrine of implied warranty of habitability had not yet been adopted in Pennsylvania at the time of trial of this action in 1978, and any efforts to press the issue would undoubtedly, and quite properly, have been rebuffed, it might be argued that plaintiff's failure to pursue her claim was excusable and, therefore, not a bar to raising it now. We disagree. The opinions of the Superior Court in Cooper v. Downingtown School District, supra, and Haines Industries, Inc. v. City of Allentown, 237 Pa. Superior Ct. 188, 355 A. 2d 588 (1975), make it clear that retrospective application of appellate court decisions is not without limits. Moreover, our appellate courts have long adhered to the view in a wide variety of situations, that one who fails to protect his rights necessarily waives them. See, e.g., Dilliplaine v. Lehigh Valley Trust Co., 457 Pa. 255, 322 A. 2d 114 (1974). Our decision here does no more than apply these salutary principles of law to the facts at bar.