455 A.2d 130

**Ruth LEVIN, Appellant**

v.

**Allan SHAPIRO, a Minor by his Parent and Natural Guardian, Marilyn Shapiro LEVIN, and Samuel Levin.**

Superior Court of Pennsylvania.

Argued Dec. 8, 1981.

Filed Jan. 7, 1983.

Diane Rothberg Pevar, Philadelphia, for appellant.

Lewis Kates, Philadelphia, for appellees.

Before CAVANAUGH, McEWEN and BECK, JJ.

McEWEN, Judge:

We here consider an appeal from an order which sustained the Preliminary Objections of appellees and dismissed the complaint of appellant for lack of service. We affirm.

Appellant filed a complaint in trespass against appellees on March 16, 1972, alleging a claim for personal injuries sustained as a result of an alleged assault and battery on June 23, 1970 by appellees Samuel Levin, the ex-husband of appellant, and Allan Shapiro, the stepson of Samuel Levin. At the time the action was commenced Allan Shapiro had not yet attained his majority and the complaint against him named Marilyn Shapiro Levin, his mother, as his parent and natural guardian. The complaint listed the addresses of appellees, Samuel Levin and Allan Shapiro as 791 Barnes Willow Lane, Huntingdon Valley, Montgomery County,

Pennsylvania. The sheriff attempted to make service at this address within the thirty day period after the complaint was filed but was unsuccessful. Appellant then timely reinstated the complaint and directed the sheriff to serve Samuel Levin and Allan Shapiro at their residence, "Apartment 833 Meadowbrook Drive, Huntingdon Valley, Pennsylvania." The order for service completed by the sheriff indicated that service was attempted on a number of occasions and was finally made on May 18, 1972, to a Mrs. Levin, at "Apt. 504, 833 Meadowbrook Drive, Huntingdon Valley", which, of course, differs somewhat from the address that plaintiff had designated to the sheriff. The return of the sheriff listed the relationship of the Mrs. Levin served with the complaint as wife of Samuel Levin and person in charge of Allan Shapiro.

Appellant filed, almost two years later, on May 6, 1974, a praecipe for the entry of a default judgment for failure to file an answer to the complaint. The default judgment was entered and a notice of the entry of the default judgment was mailed to Samuel Levin at 791 Barnes Willow Lane, Huntingdon Valley. Appellant had the matter listed for trial for assessment of damages on February 27, 1980, almost six years after the entry of default judgment. Appellees received a notice dated February 14, 1980 from the Court Administrator of Montgomery County that the case was listed for trial for February 27, 1980. Appellees claimed that they did not have any knowledge of the existence of the lawsuit until the receipt of this notice from the Court Administrator and at that time engaged counsel who filed a petition to strike or in the alternative to open the judgment. Appellant filed a responsive pleading and the court directed depositions to be taken within thirty days. Appellees took the depositions of seven person, including themselves.

Carl F. Burkhart, a deputy sheriff of Montgomery County, testified that his territory for service of process included the Meadowbrook Apartments and that there is no address known as Apartment 504, 833 Meadowbrook Drive, Hun-

tingdon Valley. He claimed that such an address was non-existent explaining that there could be either an apartment 504 Meadowbrook Drive or an apartment 833 Meadowbrook Drive but that there could be no combination of the two. He further testified that the street address for each apartment on Meadowbrook Drive is the same as the apartment number. It was established during the deposition of deputy sheriff Burkhart that Joseph Pergine, the deputy sheriff who had served the complaint, had died in the interim. Counsel for the parties agreed during the course of this deposition "[t]hat the deputy sheriff that filled it [the order for service] in wrote in the apartment 504 where the service was made" as well as the other data in a different color ink than that used for the 833 Meadowbrook Drive address set forth in the order for service. (R. 115a).

Richard Fare, the first deputy prothonotary of Montgomery County, testified that the office of the prothonotary mailed the notices of entry of judgment to appellees in envelopes prepared by appellant. These notices were addressed to appellees at the Barnes Willow Lane address.

The deposition of Rita Ann Jobs, the general manager of Meadowbrook Apartments, established that neither the manager nor the person in charge of the apartments lived in apartment 504 and confirmed that every person who lives in the Meadowbrook Apartments has an address of Meadowbrook Drive and that each apartment has a street address which corresponds to the number of the apartment. She further confirmed that the address of apartment 504 in the Meadowbrook Apartment complex would have an address of 504 Meadowbrook Drive and that apartment 833 would have a corresponding street address of 833 Meadowbrook Drive. Mrs. Jobs further testified that, from the time when she became assistant manager of the complex in January 1975, she had personal knowledge that the tenants who resided in apartment 504 Meadowbrook Drive were another Samuel Levin and his wife Florence and that they were original residents and became tenants in 1969 or 1970 when the complex was built. Her testimony was that this other

Samuel Levin, together with his wife Florence, resided in apartment 504 on May 18, 1972, the date of service of the complaint but could not produce records to confirm her testimony since they had either been discarded or destroyed in a flood.

Appellee Samuel Levin testified that he resided in the Meadowbrook Apartment complex from September of 1971 to September of 1974, and that his address was 833 Meadowbrook Drive during that period. He testified that he never lived at apartment 504 and that his ex-wife knew where he lived in the complex and had visited him several times there. He further testified that it was not until mid-February of 1980 that he became aware of the existence of the instant lawsuit when he received an envelope from the Montgomery County Court Administrator which contained the civil trial list for February 27, 1980.

Marilyn Levin, the wife of Samuel Levin, testified that she was employed fulltime for a corporation located in New Jersey and had never taken a day off from the time she was employed in 1967 to the time of her deposition on April 24, 1980. She denied that she had ever been served with a copy of the complaint and confirmed that on the purported date of service her address was apartment 833, 833 Meadowbrook Drive.

Allan Shapiro, stepson of Samuel Levin, testified that he first became aware of the lawsuit in March of 1980 and further corroborated the addresses at which he had lived with his stepfather and mother.

The Common Pleas Court ordered the judgment opened on November 14, 1980 and appellee thereafter filed Preliminary Objections challenging, *inter alia*, the jurisdiction of the court, on grounds that proper service of the original complaint had never been made. Appellees further requested that the court dismiss the complaint for the reason that the statute of limitations for reinstatement of the complaint had long since expired. The trial court concluded that service was not made at the residence of the defendant on the basis of a stipulation by the parties during the deposi-

tion of deputy sheriff Burkhart to the effect that apartment 504 Meadowbrook Drive was the place where service was actually made. The Common Pleas Court sustained the preliminary objections of appellees by order dated February 23, 1981 and, subsequently, by amended order dated March 16, 1981, the court reiterated that it had sustained the preliminary objections of appellees and dismissed the action. This appeal followed.

Appellant first argues that the lower court erred in finding that the return of the sheriff, on its face, showed that proper service of the complaint of appellant had never been made. Appellant argues that service was properly effected in accordance with Pennsylvania Rule of Civil Procedure 1009(b) which in pertinent part provides:

(b) When the defendant is an individual, the writ of summons, or the complaint if the action is commenced by complaint, may be served

(1) by handing a copy to the defendant or,

(2) by handing a copy

(i) at the residence of the defendant to an adult member of the family with which he resides; but, if no adult member of the family is found, then to an adult person in charge of such residence; or

(ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or

(iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

Appellant claims that the return of the sheriff states that date, time and place of service and that service was made upon a Mrs. Levin who stated that she was the wife of Samuel Levin and the person in charge of Allan Shapiro. She claims that the return of the sheriff, in the absence of fraud, is conclusive and immune from attack by extrinsic evidence. *Hollinger v. Hollinger*, 416 Pa. 473, 206 A.2d 1 (1965). We do not agree. It is clear that a sheriff's return is conclusive and immune from attack as to facts

stated therein of which the sheriff presumptively has personal knowledge. However, the conclusiveness of the return of the sheriff does not extend to facts of which the sheriff does not have personal knowledge. *Hollinger v. Hollinger, supra; Liquid Carbonic Corp. v. Cooper and Reese, Inc.*, 272 Pa.Super. 462, 416 A.2d 549 (1979). It is clear in this case that the facts upon which appellant relies in arguing that the sheriff's return is immune from attack are facts which were not presumptively within the personal knowledge of the sheriff. Contrary to appellant's assertion that the appellees failed to present any evidence to refute or contradict the information in the sheriff's return, the depositions taken by appellees established: (1) that the complaint was never served upon appellees; (2) that appellees never received notice of the lawsuit until mid-February, 1980, when they received a notice that the matter was scheduled for trial for assessment of damages on February 27, 1980; (3) that service of the complaint was made upon another Mrs. Levin who resided in apartment 504, and not the Mrs. Levin who resided in apartment 833; (4) that all notices concerning the action following the service of the complaint at apartment 504 were mailed to an address where appellees no longer resided; (5) that the sheriff did not presumptively have personal knowledge of the identity of the Mrs. Levin served with the complaint as the wife of appellee Samuel Levin and the person in charge of appellee Allan Shapiro; and (6) that the parties stipulated that the sheriff made service of the complaint at apartment 504 which was not the residence of appellees. We conclude that proper service of the complaint was never made and that the preliminary objections were properly sustained by the Common Pleas Court.

Appellant further contends that the trial court erred in finding that the parties to the actions stipulated to the place where service was actually made. We disagree. Counsel for the parties entered into the stipulation during the deposition testimony of Deputy Sheriff Carl Burkhart following the production by counsel for appellant of the order for

service made upon the reinstatement of the complaint. Counsel for the parties, at that time, engaged in the following discussion:

MR. KATES: Diane, can we agree that P–1 has the designation, 'apartment 504'?

MRS. PEVAR: In my opinion, the same ink which is written apartment 504, is also the ink which was used to fill in the information by the Deputy Sheriff upon service. It's a different color ink than that used for the 838 Meadowbrook Drive, Huntingdon Valley, Pennsylvania address.

MR. KATES: O.K. What we are agreeing then, is that the Deputy Sheriff that filled it in wrote in the apartment 504 where the service was made.

MRS. PEVAR: Correct.

MR. KATES: That's all we are agreeing to, O.K. No further questions. (R. 114a–115a).

■ Appellant contends that this conversation did not represent a stipulation as to where service was made but, rather, an agreement as to the color of the ink used by the Sheriff to fill in various portions of the order for service. Even if we were to agree with the contention of appellant, it is clear that the deputy sheriff who provided the details of service upon the order for service himself wrote in "apartment 504" above the 833 Meadowbrook Drive address to which service was directed to be made. The place of service was a matter of which the sheriff presumptively had personal knowledge and the inscription "apartment 504", written in the same color ink as that used to fill in the information on the order for service form, establishes that service was in fact made at apartment 504 rather than at apartment 833. Therefore, we find no error with the finding of the court that the parties stipulated that service was made at apartment 504.

■ Appellant next contends that the trial court erred in considering inadmissible hearsay evidence presented by appellees concerning the residents of apartment 504. We find

no merit to this argument. First, our review of the record indicates that Rita Jobs, the general manager of the Meadowbrook Apartment complex testified that she had personal knowledge that the residents of apartment 504 were Samuel and Florence Levin and, further, that she had personal knowledge that they were original residents of the complex who had resided there since the end of 1969 or the beginning of 1970. Second, even if we were to conclude that the deposition testimony of Ms. Jobs was based upon hearsay, it is clear that the decision of the trial court to sustain the preliminary objections of appellee and dismiss the complaint did not depend upon this testimony since the stipulation of the parties and the deposition testimony of the remaining witnesses irrefutably and independently established that proper service of the complaint was not made.

Appellant finally contends that the dismissal of this action was improper and overly harsh in light of the circumstances of the case. We believe the dismissal was proper. More than seven years had elapsed from the time the complaint had been reinstated and served at the wrong address and the time the action was dismissed by the Common Pleas Court. The statute of limitations governing actions in trespass is two years. Proper service of the complaint was not effected. The Common Pleas Court lacked jurisdiction to hear the case because of the failure of service and the expiration of the applicable statute of limitations. It is clear that the issue of the expiration of the statute of limitations, an affirmative defense, should "be pleaded in a responsive pleading under the heading 'New Matter'." Pa.R.C.P. 1030. Appellee has raised the defense of the statute of limitations by a demurrer in preliminary objections filed after the judgment was opened.[1] Since the statute of limitations defense here was not a non-waivable

---

1. Pa.R.C.P. 1017(b)(4) provides in pertinent part that "preliminary objections are available to any party and are limited to a demurrer, which may include the bar of a nonwaivable statute of limitations ... which bars or destroys the right of action and the applicability of it appears on the face of the complaint or counterclaim."

defense within the meaning of Pa.R.C.P. 1017(b)(4), it should have been pleaded under new matter as prescribed by Pa.R.C.P. 1030. However, we have reached the merits of the statute of limitations defense at this time for the reasons stated by our distinguished colleague Judge Gwilym A. Price, Jr. in *Cooper v. Downingtown School District,* 238 Pa.Super. 404, 357 A.2d 619 (1976):

> First, it was briefed, argued, and considered in the lower court. Secondly, once the statute of limitations is raised in new matter, appellee's right to a judgment on the pleadings based on the statute of limitations, will be clear. *See* Pa.R.C.P. 1034. Therefore, we see no reason to remand this case for further pleadings. *Id.,* 238 Pa.Superior at 407, 357 A.2d at 621. (footnote omitted).

Accordingly, we affirm the order of the learned Judge Horace A. Davenport.