## Olympus Camera Corp. v. Cam' Stop, Inc.

*Joseph R. Adamczyk, Jr.,* for plaintiff.
*Gregory H. Gettle,* for defendants.

BAYLEY, *J.,* June 8, 1984—Plaintiff filed a complaint against defendant Cam' Stop, Inc. on October 7, 1982, seeking a judgment of $3,998.43 with interest and costs. Judgment was entered against Cam' Stop, Inc. on November 22, 1982, in the total amount of $4,058.41. Plaintiff then filed interrogatories for discovery of assets in aid of execution against Cam' Stop, Inc. Answers to these interrogatories were made on January 11, 1983, and filed of record on January 13, 1983. Stanley Costello, Jr., in answering on behalf of the defendant, admitted that it had in its possession, in its store, unencumbered inventory and accessories in an ap-

proximate value of $100,000, and unencumbered furniture and fixtures in an approximate value of $14,000. A praecipe for writ of execution was filed on February 16, 1983. The Sheriff's levy was posted on February 28, 1983, and a sale of the inventory and equipment was made on April 6, 1983. The amount realized from the sale left a deficiency against the judgment and costs in the amount of $1,875.59.

Stanley Costello, Sr., and Stanley Costello, Jr., were the sole stockholders and owners of Cam' Stop, Inc. A second writ of execution, together with interrogatories, were directed against Stanley Costello, Sr., and Stanley Costello, Jr., as garnishees, on January 5, 1984. The Sheriff's return states that service was made upon "Stanley Costello, Sr., and Stanley Costello, Jr., the within named defendants, by handing to and leaving with Stanley Costello, Jr., a true and attested copy of same." The garnishees failed to file any answer or raise any defenses to the writ as are permissible under Pa. R.C.P. 3145. Plaintiff then entered an unliquidated judgment by default against the garnishees on February 13, 1984, as provided by Pa.R.C.P. 3146. A hearing was held before this court on May 31, 1984, for the purpose of entering final judgment against the garnishees as provided by Pa.R.C.P. 3146.

Stanley Costello, Sr., claims that he has not been properly served as garnishee with the writ of execution or the interrogatories. Service of writs against garnishees are made pursuant to Pa.R.C.P. 3111 and are to be made in the same manner as serving writs of summons in assumpsit. Pa. R.C.P. 1009(d) (2) provides that service against an individual may be made by handing a copy "at the residence of the defendant to an adult member of the family with which he resides." Absent fraud, a return under

oath filed by the sheriff is conclusive between the parties except as to facts as to which the sheriff cannot be expected to have personal knowledge. 2 Pa. Standard Practice 2d §10:102, page 283. See Mischenko v. Gowton, 307 Pa. Super. 426, 453 A.2d 658 (1982); and Levin v. Shapiro, by Levin, 309 Pa. Super. 223, 455 A.2d 130 (1983). Such facts which have been declared not to be conclusive include the place of residence of defendant. 2 Pa. Standard Practice 2d §10:102, Page 285.

While the Sheriff's return is not conclusive in this case, it is prima facie valid. Accordingly, the garnishee still has the burden of proving insufficient process, Rosen v. Solomon, 374 F. Supp. 915 (1974). 2 Pa. Standard Practice 2d §10:102, Page. 286. Mr. Costello, Sr., who has appeared in this proceeding, of which he obviously had notice, has produced no evidence to refute the service that was made upon him by the acceptance of same by his son. Accordingly, he has suffered no deprivation of a substantial right and has no cause to complain. 2 Pa. Standard Practice 2d §10:104, Page. 289 and Pa.R.C.P. 126.

At this point the status of this action is that the garnishees have failed to answer plaintiff's inquiries, via interrogatories as to what they did with the inventory and personal property which had a value in excess of $114,000, which was in Cam' Stop's and their possession on January 11, 1983. By failing to file such answers they have intentionally hindered the plaintiff in finding this property and levying against it. By such hindering actions they have subjected themselves to an unliquidated default judgment pursuant to Pa.R.C.P. 3146.

That rule further provides that at this time ". . . the court shall determine and enter judgment for the value of the property of the defendant in the

hands of the garnishees but shall not enter judgment in excess of the judgment of the plaintiff, together with interest and costs." The parties have stipulated that the deficiency of principal, interest and costs to date, if it is payable by the garnishees, is $1,997.50. The garnishees claim that since no levy was made by the sheriff against any actual property of Cam' Stop, Inc. in their possession, we are without power to enter a judgment pursuant to Pa. R.C.P. 3146. However, no pleadings or evidence has been presented that they were not and now are not in possession of this property. Accordingly, their position is without merit.

Pa.R.C.P. 3148 provides that a judgment may be entered against the garnishees if the garnishees owe a debt to the plaintiff. It further provides that if the garnishees fail to make the property available to the sheriff for execution, plaintiff, upon leave of court, may have execution against the garnishees generally for the amount of the plaintiff's judgment against the defendant, together with interest and costs, unless the garnishees show good cause for non-production of the property. By failing to answer the interrogatories and by failing to provide any explanation to this court, at the hearing on May 31, 1984, as to why they have failed to produce the property which was in Cam' Stop's and their possession on January 11, 1983, but not in Cam' Stop's possession on the date of the sale, the garnishees have subjected themselves to a judgment for the deficiency between plaintiff's judgment against Cam' Stop, Inc., less the proceeds derived from the sale. Plaintiff is therefore entitled to a judgment against the garnishees in the amount of $1,997.50, with leave to execute against the property of the garnishees. To interpret the rules otherwise would enable the garnishees to purposely not answer

interrogatories requesting information on property of defendant which was allegedly in their possession, thus presenting a judgment from being entered against them because plaintiff is not now able to locate the property. This was property they admitted, on prior depositions, as having been in Cam' Stop's and their possession. Justice would not be well served by accepting the garnishees' position. It is for this reason that we believe that the rules provide for the entry of a default judgment upon failure of the garnishees to answer interrogatories concerning the location of defendant's property allegedly in their possession and further allows for execution against them generally. Accordingly, the following is entered

### ORDER OF COURT

And now, this June 8, 1984, judgment is entered against Stanley Costello, Sr., and Stanley Costello, Jr., in the amount of $1,997.50. Leave is granted to plaintiff to execute against the garnishees generally for the collection of said judgment, interest and costs.