## Shelter v. Woods

*Frank S. Kelker,* for plaintiff.
*Vicky Beatty,* for defendant.

KUNSELMAN, *J.,* September 7, 1984—This matter is before the court on a writ of certiorari issued to District Magistrate Lewis E. Kirchner at the request of defendant, Eva Woods. The claim is lack of jurisdiction over defendant. Magistrate Kirchner certified his record and forwarded the same in response to the writ of certiorari.

The record discloses that a complaint in trespass was filed before him on December 14, 1983 by plaintiff against defendants. A hearing was scheduled for January 19, 1984. The proof of service filed by the constable states that the complaint was served upon defendant, Terry Woods, by handing a copy of the same to Lucille Bryant, grandmother, on December 27, 1983 at 2:55 p.m. at 225 Baker Street, Aliquippa. The complaint gave that address as defendant's address. The proof of service did not state that defendant, Eva Woods, was served. However, on the day Magistrate Kirchner certified his record, the following was typed onto the form and was signed and sworn to by the constable:

"I, Constable Donald Naugel, hereby swear and affirm, that both copies of the Complaint filed by Janice Shetler, for Terry Woods and Eva Woods, were served on Lucille Bryant, grandmother, at 225 Baker Street, Aliquippa, Pa., on December 27, 1983, at 2:55 P.M."

The record further discloses that defendant did not appear and that judgment was entered in favor of plaintiff on January 19, 1984 in the amount of $1,600 plus costs.

The specifications of error filed on behalf of Eva Woods excepts to the magistrate's record for the reasons that service upon her was in violation of Pa. R.C.P.J.P. 308 and that the proof of service violates Pa. R.C.P.J.P. 314. She also alleges that she never resided at 225 Baker Street, Aliquippa, Pa.

Plaintiff filed a reply to the specifications of error which contains new matter. In the new matter, plaintiff alleges that the automobile which was involved in the accident which gave rise to the litigation was purchased by defendants and that, while defendants were separated at the time, the title was registered to defendants with their address at 225 Baker Street, Aliquippa, Pa. The new matter further alleges that Eva Woods had an obligation to list her correct address on the vehicle registration and, having consented to a listing of her address as 225 Baker Street, Aliquippa, Pa., she is in no position to complain if service of process is made at that address.

Service of process is governed by Pa. R.C.P.J.P. 308 which provides, in pertinent part, that:

"Service of the complaint upon an individual defendant shall be made:

(1) by handing a copy to the defendant, or

(2) by handing a copy:

(a) to an adult member of the defendant's family at his residence, but if no adult member of the family is found, then to an adult person in charge of such residence, . . ."

The return of service is governed by Pa. R.C.P.J.P. 314A which provides:

"The person serving the complaint shall, at or before the time of the hearing, make proof of service on the form provided, which shall show the manner of service, the day, hour and place thereof, and the name and relationship or title, if any, of the person on whom the copy of the complaint was served. The proof of service shall be attached to the original complaint form."

Counsel for both parties referred to deposition testimony of Eva Woods that she was separated from her husband and not residing at 225 Baker Street, Aliquippa and that the automobile registration listed that as her address.

Defendant argues that the term "residence" as used in the rule means actual residence and not constructive residence and therefore, service was improper, citing Robinson v. Robinson, 362 Pa. 554, 67 A.2d 273 (1949). Plaintiff argues that service upon defendant at the address listed on the automobile registration is proper, citing Starnes v. Grohosky, 99 Dauph. 115, (1977).

Certiorari under Pa. R.C.P.J.P. 1009(A) is available to attack jurisdiction over the parties or subject matter, improper venue, or gross irregularity of procedure such as to make the judgment void. However, it is a narrow form of certiorari both with respect to procedure and the matters which this court can consider under Rule 1009A. See Pa. R.C.P.J.P. 1001(3) and note thereto. See also Kihl v. Undereiner, 67 D.&C. 2d 110 (1974). We are bound by the facts as set forth in the record and cannot consider other testimony. Atkins v. Flaherty, 17 D.&C. 2d 143 (1958), affirmed per curiam, 189 Pa. Super. 550, 152 A.2d 280 (1959). Therefore, we do not consider those matters of residence urged upon us by both counsel. Cases such as Levin v. Shapiro by Levin, 309 Pa. Super. 223, 455 A.2d 130 (1983),

which permit extrinsic evidence to attack a sheriff's return as to facts of which the sheriff does not have personal knowledge do not apply because this is a certiorari proceeding.

Counsel for defendant further argues that, because the proof of service as to Eva Woods was not completed at or before the time of the hearing, as required by Rule 314A, judgment as to her should be set aside. We do not agree. As hereinabove mentioned, the constable amended the return of service in the manner quoted on page one of this opinion. Such an amendment is proper. As the court said in Atkins v. Flaherty:

"The courts are more concerned with substance than with form and therefore, a transcript which is defective and does not represent the true facts should be amended. The right to permit amendment even after certiorari and after a transcript has been filed was recognized in Ristan v. Crew-Levick Company, 109 Pa. Super. 357, 167 A.2d 800 (1953). See also Commonwealth v. Bennett, 32 D.&C. 542, (1938) and Herron v. Corbett, 22 D.&C. 595 (1934). 17 D.&C. 2d at 145.

It remains to be determined whether or not the service upon Eva Woods, as described in the amended return, constitutes valid service. Since Rule 308 authorizes service upon an adult member of defendant's family at his residence or, if no adult member of the family is found, then upon an adult person in charge of such residence, we must determine whether the amended return shows conformance with either of these provisions.

There are no cases found on this precise issue as it relates to Rule 308 Pa. R.C.P.J.P. Therefore, we look to cases interpreting Rule 1009 Pa. R.C.P. which contain substantially the same language. Sharp v. Valley Forge Medical Center and Heart

Hospital, Inc., 422 Pa. 124, 221 A.2d 185 (1966) involved a question of service upon a doctor who was employed at the hospital. The sheriff's return described service upon "the person for the time being in charge of the place of employment" of the doctor. The Supreme Court held that Rule 1009 made no provision for substituted service upon a defendant at his place of employment and that, while the rule did provide that service could be effected "at any office or usual place of business" of defendant, the sheriff's return disclosed on its face that service was not in conformity with the rule and therefore it was invalid. The court also rejected an argument that service was valid under Rule 1009 (b) 2(ii)) which authorizes service "at the residence of the Defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides" for the reason that the return did not show conformance with this rule.

In so holding, the court said:

"The rules relating to service of process must be strictly followed, and jurisdiction of the court over the person of the defendant is dependent upon proper service having been made; McCall v. Gates, 354 Pa. 158, 47 A.2d 211 (1946). There is no presumption as to the validity of the service and the return itself is required to set forth service in conformance with the rules. See Neff v. Tribune Printing Company, 421 Pa. 122, 218 A.2d 756 (1966)" 422 Pa. at 127.

We conclude that the amended return is not in conformance with Pa. R.C.P.J.P. 308. While we may assume that Lucille Bryant is an adult, she having been described as a grandmother, the return does not describe her as a member of defendant's family, which we cannot assume, nor does it describe her as the person in charge of defendant's

residence. These being absent, the return itself does not set forth service in conformance with the rule.

For the foregoing reasons, we conclude that the judgment against Eva Woods must be set aside without prejudice to the cause of action. An appropriate order will be entered.

## ORDER

And now, this September 7, 1984, the judgment entered against Eva Woods is set aside without prejudice to plaintiff's cause of action against her. The matter is remanded to District Magistrate Lewis E. Kirchner for appropriate proceedings.