Michael Biggan, Appellant *v.* Foster Township Zoning Hearing Board and Michael Kaschak.

Argued October 6, 1977, before Judges ROGERS and BLATT, sitting as a panel of two.

*Thomas L. Kennedy,* for appellant.

*Gino L. Andreuzzi,* with him *Richard G. Dudinyak,* for appellee.

*Charles R. Pedri,* with him *Martin D. Cohn,* and *Laputka, Bayless, Ecker & Cohn,* P.C., for intervenor.

OPINION BY JUDGE ROGERS, November 14, 1977:

Michael Biggan has appealed an order of the Luzerne County Court of Common Pleas modifying a decision of the Zoning Hearing Board of Foster Township directing the appellant entirely to cease conducting a junkyard in the township.

Biggan acquired a house and lot containing .454 of an acre in Foster Township in 1952. In the late 1950's, Biggan began to use part of his lot for the storage of junked automobiles from which he sold parts and scrap metal. It is agreed that Biggan's enterprise was a junkyard as defined by the Foster Township Zoning Ordinance enacted in 1967 and that Biggan's use of the .454 acre was, after 1967, a lawful nonconforming use. After the enactment of the Ordinance Biggan and his sons continued to operate the junkyard, and by degrees increased both the number of automobiles stored on the property and the scope of their activities with respect thereto. In early 1974, the Biggans began to use a four acre tract across the road from the .454 acre tract as an extension of their junkyard. This land belonged to Beltrami Enterprises. As many as fifty to sixty cars have been kept by the appellant on the two properties, and the operations of the junkyard had been expanded to include the cutting, burning and crushing of junked cars.

On October 3, 1975, the Zoning Officer of Foster Township directed Biggan to cease and desist all of his junkyard activities, asserting that all were unlawful nonconforming uses. Biggan appealed the Zoning Officer's order to the Zoning Hearing Board without

success. He appealed the Board's action to the Luzerne County Court of Common Pleas which affirmed the Board's order directing Biggan to cease junkyard operations on the four acre Beltrami property, but reversed the Board's order that the appellant cease junkyard operations on the .454 acre parcel used for that purpose before the enactment of the Ordinance. The court below also ordered Biggan to fence or screen the .454 property as required by the Ordinance and, in addition, to restrict his use of the .454 acre parcel to the storage of not more than five cars at any time and prohibited the burning and crushing of junk cars. In this appeal Biggan challenges the court's order only with respect to its restrictions on the use of the .454 acres just mentioned.

We believe the court below[1] erred in directing Biggan to limit the number of cars stored on the .454 acre property and to cease all crushing and burning of cars on that property in this proceeding. The order which was appealed to the Zoning Hearing Board and then to the court below was the Zoning Officer's order that Biggan discontinue *all* junkyard operations. This order created the issue only of whether Biggan was entitled to use his land for any junkyard purpose. The Zoning Officer's order and the subsequent appeals did not invite or include consideration by the Zoning Hearing Board or the court below of the lawful extent of Biggan's activities in the event that it should be determined that he could lawfully use some of the property under his control for junkyard purposes. The court below correctly held that the Zoning Officer's cease and desist order erroneously compelled Biggan to stop operations on the .454 lot; it should have

---

[1] The court received evidence. We therefore review the court's action. *Citizens For a Clean Environment v. Zoning Hearing Board of Hanover Township*, 23 Pa. Commonwealth Ct. 12, 350 A.2d 419 (1976).

stopped there. Biggan is entitled to use the .454 acre lot in the same manner and to the same extent he used it in 1967 when the Zoning Ordinance was adopted and reasonably to extend that use to meet the natural expanding needs of his business. The record is not clear as to the extent of the use of the .454 acre tract as a junkyard in 1967, possibly because this issue, as we have said, was not really in the case. The Township may, of course, in other proceedings enforce its zoning regulations against both present and future unlawful extensions of Biggan's lawful nonconforming use of the .454 acre lot.

Accordingly, we enter the following

ORDER

AND Now, this 14th day of November, 1977, that part of the order of the Luzerne County Court of Common Pleas, made July 16, 1976, limiting the extent of use which appellant may make of the .454 acre lot is reversed; its order is otherwise affirmed.