Michael Biggan *v.* Foster Township Zoning Hearing Board and Michael Kaschak. Michael Kaschak, Appellant.

Argued April 7, 1980, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Michael Kaschak*, Pro Se, appellant.

*Michael T. Conahan*, with him *Thomas L. Kennedy* and *LeRoy Lenhart*, for appellee.

OPINION BY JUDGE MENCER, June 25, 1980:

On March 13, 1978, Michael Kaschak filed a petition with the Court of Common Pleas of Luzerne County entitled "Petition to Stop all Frivolous Petitions and Motions and for the Court to Order the Applicable Laws in the Case Enforced without any Further Delay." The petition, filed during a contempt proceeding concerning the operation of a junkyard by Paul and Michael Biggan, alleged that the lower court's opinion and order in *Biggan v. Foster Township Zoning Hearing Board*, filed July 16, 1976 at No. 953 of 1976, affirmed in part in *Biggan v. Foster Township Zoning Hearing Board*, 32 Pa. Commonwealth Ct. 426, 379 A.2d 657 (1977), was erroneous and that all junkyard activity by Michael Biggan should be terminated. The lower court dismissed the petition on April 14, 1978 and this appeal followed.

We agree with appellee, Michael Biggan, that the issues raised by Kaschak's petition are barred by res judicata and therefore affirm the lower court's dismissal.

In its July 16, 1976 decision, the lower court affirmed the order of the Foster Township Zoning Hearing Board (Board) which directed Michael Biggan to cease junkyard activities on a 4-acre tract located across the road from his own property. The lower court, however, permitted the continued operation of the junkyard on Biggan's own .454-acre lot, as a valid nonconforming use, provided certain operational restrictions were observed. On appeal to this court, we affirmed the lower court's order except for the imposition of the restrictions, stating:

> We believe the court below erred in directing Biggan to limit the number of cars stored on the .454 acre property and to cease all crushing and burning of cars on that property

in this proceeding. The order which was appealed to the Zoning Hearing Board and then to the court below was the Zoning Officer's order that Biggan discontinue *all* junkyard operations. *This order created the issue only of whether Biggan was entitled to use his land for any junkyard purpose. The Zoning Officer's order and the subsequent appeals did not invite or include consideration by the Zoning Hearing Board or the court below of the lawful extent of Biggan's activities in the event that it should be determined that he could lawfully use some of the property under his control for junkyard purposes.* The court below correctly held that the Zoning Officer's cease and desist order erroneously compelled Biggan to stop operations on the .454 lot; it should have stopped there. Biggan is entitled to use the .454 acre lot in the same manner and to the same extent he used it in 1967 when the Zoning Ordinance was adopted and reasonably to extend that use to meet the natural expanding needs of his business. The record is not clear as to the extent of the use of the .454 acre tract as a junkyard in 1967, possibly because this issue, as we have said, was not really in the case. *The Township may, of course, in other proceedings enforce its zoning regulations against both present and future unlawful extensions of Biggan's lawful nonconforming use of the .454 acre lot.*

*Biggan v. Foster Township Zoning Hearing Board,* supra, 32 Pa. Commonwealth Ct. at 428-29, 379 A.2d at 658-59. (Emphasis in original and added.) (Footnote omitted.)

Kaschak, although seeking reargument, which was denied, did not appeal our final order.[1]

Even a cursory reading and comparison of Kaschak's petition with our decision above indicate that Kaschak is attempting to relitigate the issue of whether Biggan may utilize any part of his .454 acre as a junkyard. Since this was precisely the issue decided in our previous decision, Kaschak is prevented from raising it anew by the doctrine of res judicata. As stated in *Haines Industries, Inc. v. City of Allentown*, 237 Pa. Superior Ct. 188, 191, 355 A.2d 588, 589 (1975), quoting *Restatement of Judgments* §1 (1942):

'Where a reasonable opportunity has been afforded to the parties to litigate a claim before a court which has jurisdiction over the parties and the cause of action, and the court has finally decided the controversy, the interests of the State and of the parties require that the validity of the claim and any issue actually litigated in the action shall not be litigated again by them.'

Further, Comment B to Section 1 of the Restatement of Judgments states: 'The principle stated in this Section is applicable although the judgment was erroneous, either on the law or on the facts. The unsuccessful party has an opportunity to attack the judgment by steps properly taken in the action in which the judgment is rendered. He may take proceedings in the

---

[1] In his petition, Kaschak argues that he was denied legal representation on his appeal to this court from the lower court's July 16, 1976 order. Our examination of the record in *Biggan, supra*, shows this argument to be without merit, for Kaschak, after dismissing one set of counsel, promptly obtained other counsel who participated fully in the proceeding before us, including filing the motion for reargument. Kaschak does not make a similar argument with regard to any appeal from our order in *Biggan, supra*.

trial court to have the judgment set aside. He may take proceedings in an appellate court to have it reversed. He cannot, however, in a subsequent action relitigate the matters determined by the judgment.'

*Accord, Bearoff v. Bearoff Brothers, Inc.*, 458 Pa. 494, 327 A.2d 72 (1974); *McCarthy v. Township of McCandless*, 7 Pa. Commonwealth Ct. 611, 300 A.2d 815 (1973).

In reaching this decision, we note that Kaschak is precluded only from again contesting the basic issue of whether Biggan may use his .454 acre as a junkyard. We specifically left open, in our prior decision, the issue of the manner and extent of the operation of the junkyard, *i.e.*, how the junkyard activity is carried on. If, as Kaschak alleges, the method of operation of the yard poses a threat to his family's health and welfare, he is not precluded from utilizing other more suitable remedies, including, but not limited to, a private nuisance action. *See* R. Ryan, *Pennsylvania Zoning Law and Practice* §9.2.1 (1970).

Order affirmed.

## ORDER

AND Now, this 25th day of June, 1980, the order of the Court of Common Pleas of Luzerne County, dated April 14, 1978, dismissing the petition of Michael Kaschak, is hereby affirmed.