380 A.2d 843

**Gerald F. DUFFEE and Sally Ann Duffee, husband and wife, Appellants,**

**v.**

**Larue C. JUDSON, d/b/a Red Judson Homes.**

Superior Court of Pennsylvania.

Argued Sept. 15, 1977.

Decided Dec. 2, 1977.

Harold B. Fink, Jr., Coudersport, for appellants.

No appearance entered nor brief submitted for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellants contend that the lower court erred in sustaining appellee's preliminary objections. We agree and, therefore, reverse the order of the lower court.

On February 11, 1976, appellants filed a summons in assumpsit against appellee. Following the disposition of preliminary matters, appellants filed a complaint against appellee on July 12, 1976. In the complaint, appellants alleged that in July, 1975, they entered into an oral contract with appellee in which they agreed to buy a mobile home from appellee at appellee's cost. After appellants built a foundation for the mobile home, appellee delivered it to the site in Tioga County. Appellants paid appellee a total of $25,785 for the mobile home. Appellants also alleged that in January, 1976, they discovered that appellee's actual cost was $16,000 not $25,785. Appellants requested that appellee return the difference between the amount they paid and appellee's cost; appellee refused.

On August 17, 1976, appellee filed preliminary objections in the nature of a demurrer. In the objections, he raised the statute of frauds and alleged that appellants failed to state a cause of action due to the ambiguity in the contract. The appellants responded that appellee improperly raised the statute of frauds in preliminary objections and that the contract falls within an exception to the statute. The lower court sustained the preliminary objections. Initially, it held that the Uniform Commercial Code [1] (hereinafter UCC) and its statute of frauds governed the case because it involved

---

1. The Uniform Commercial Code, Act of April 6, 1953, P.L. 3; 12A P.S. § 1–101 et seq., eff. July 1, 1954. Reenacted Oct. 2, 1959, P.L. 1023, § 1, eff. Jan. 1, 1960.

the sale of goods. The court found the statute to be non-waivable and therefore properly raised in preliminary objections, and that the oral contract did not comply with the UCC statute of frauds. Accordingly, it entered an order sustaining appellee's preliminary objections. This appeal followed.

Appellants contend that the lower court improperly sustained appellee's preliminary objections. A demurrer by a defendant admits all relevant facts sufficiently pleaded in the complaint and all inferences fairly deducible therefrom for the purposes of testing the legal sufficiency of the challenged pleading. *International Union of Operating Engineers v. Linesville Construction Co.*, 457 Pa. 220, 322 A.2d 353 (1974). In disposing of the questions of law raised by a demurrer, the issues must be resolved by the court on the basis of the pleadings alone. Moreover, "preliminary objections 'should be sustained only in cases which are clear and free from doubt.'" *Dana Perfumes Corp. v. The Greater Wilkes-Barre Industrial Fund, Inc.*, 248 Pa.Super. 295, 375 A.2d 105, 107 (1977).

Pennsylvania Rule of Civil Procedure 1017(b)(4); 42 P.S. § 1017, provides as follows: "(b) preliminary objections are available to any party and are limited to . . . . (4) a demurrer, which may include the bar of a non-waivable statute of limitations or frauds which bars or destroys the right of action and the applicability of which appears on the face of the complaint or counterclaim; . . . ." As restated by Goodrich-Amram 2d, in *Standard Pennsylvania Practice*, § 1017(b)(4): "[i]f the statute of limitations or statute of frauds provides a bar against the plaintiff which cannot be waived by the defendant and which destroys the right of action of the plaintiff, and the applicability of which appears on the face of the plaintiff's complaint or the defendant's counterclaim, the defense of the statute may properly be raised by demurrer. However, if any one of these three requirements is absent, the defense may not be raised by demurrer but only by new matter in the defendant's answer." (see Pa.R.Civ.P. 1030).

In *Brown v. Hahn*, 419 Pa. 42, 46–47, 213 A.2d 342, 344 (1965), the Supreme Court considered the propriety of raising the statute of frauds in preliminary objections. The Court held:

"Whether the Statute of Frauds *must* be raised *only* as an affirmative defense under Rule 1030 or *may* be raised by preliminary objections in the nature of a demurrer depends initially upon the language and nature of the provisions of the particular Statute of Frauds involved.

"In the promulgation of the Rules of Civil Procedure it was intended to retain the historic distinction between those statutes which affect the right of a plaintiff to bring an action and those statutes which merely present the defendant with a permissive defense which might be waived by the defendant if not asserted. Stated otherwise, if the particular Statute of Frauds operates to bar or destroy the plaintiff's right of action, irrespective of the action of the defendant, such statute may be raised by preliminary objections under Rule 1017(b); however, if the particular Statute of Frauds merely gives the defendant a waivable defense, the plaintiff will have stated a cause of action to which the defendant may, if he chooses, defend on the ground of the statute and, under such circumstances, the statute must be asserted under 'New Matter' under Rule 1030." (Emphasis in Original)

In *Ziemba v. Hagerty*, 436 Pa. 179, 259 A.2d 876 (1969), our Supreme Court construed the 1969 amendment to Pa.R. Civ.P. 1017 to embody the rule stated in *Brown*, supra, and to permit a party to raise the defense of the statute of limitations and statute of frauds by preliminary objections only when the statute of limitations is not waivable. Pennsylvania cases have consistently followed the rule of *Brown* and Pa.R.Civ.P. 1017(b)(4).[2]  *Shoup v. Shoup*, 469 Pa. 165,

2. Subsequent to *Brown v. Hahn*, supra, two cases have not followed the normal rule. In *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976), the defendant filed preliminary objections raising the statute of limitations. The additional defendants filed an answer and new matter in which they correctly raised the statute of limitations. Plaintiff replied to new matter and admitted the facts at issue.

364 A.2d 1319 (1976); *Blumer v. Dorfman,* 447 Pa. 131, 289 A.2d 463 (1972); *Royal Oil & Gas Corp. v. Tunnelton Min. Co.,* 444 Pa. 105, 282 A.2d 384 (1971); *Goldman v. McShain,* 432 Pa. 61, 247 A.2d 455 (1968); *Stoltzfus v. Haus,* 234 Pa.Super. 46, 334 A.2d 738 (1975). In *Goldman, Blumer,* and *Ziemba,* the Supreme Court refused to grant any consideration to improperly raised affirmative defenses of statute of limitations or statute of frauds. In *Royal,* the lower court granted appellee's preliminary objections which raised a waivable statute of frauds. Appellee urged the Supreme Court to ignore the procedural error and dispose of the appeal on the merits, especially because appellant never objected to the procedure in the court below. The Supreme Court clearly held that waivable defenses may be raised *only* by new matter in a defendant's answer. Therefore, the Court reversed the lower court and remanded for further proceedings.

Because the question of whether a statute of frauds must be raised *only* as an affirmative defense under Rule 1030 or *may* be raised by preliminary objections in the nature of a demurrer depends initially upon the language and nature of the provisions of the particular statute of frauds, *Brown v. Hahn,* supra, we must examine the applicable statute of frauds to determine whether it is waivable.[3]

Under these facts, the Supreme Court proceeded to a determination of the merits. In the instant case, appellee never properly raised the statute of frauds and appellants have not admitted the relevant facts.

In *Cooper v. Downingtown Sch. Dist.,* 238 Pa.Super. 404, 357 A.2d 619 (1976), the defendant improperly raised the statute of limitations in preliminary objections. Because the issue was briefed, argued and considered in the lower court, and because appellee's right to prevail on the statute of limitations issue was crystal clear, our Court proceeded to consider the merits of the claim. However, we believe that Rule 1017 and *Brown,* supra, and its progeny, establish the better rule. Accordingly, we refuse to consider an improperly raised, waivable defense.

3. The Code does not displace prior non-Code law relating to procedure, see 12A P.S. § 1–103. The consequence is that reference must be made to the general pleading and practice rules of the forum to determine the extent to which a plaintiff must plead and in such manner as to show compliance with the statute of frauds or to show

▉▉▉ Both parties and the lower court used the UCC statute of frauds, found in Article Two which applies to all transactions in goods in Pennsylvania. Initially, we must determine whether the instant sale was a transaction in goods. Generally, under the UCC, "goods" has a very extensive meaning and embraces every species of property which is not real estate, choses in action, or investment securities or the like. *Buckley v. N. Y. Post Corp.*, 260 F.Supp. 282 (D.C.Conn. (1966)) rev'd on other grounds, 373 F.2d 175 (2d Cir. (1967)) Section 2-205 of the UCC defines goods as follows:

"(1) 'Goods' means all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (Article 8) and things in action. 'Goods' also includes the unborn young of animals and growing crops and other identified things attached to realty as described in the section on goods to be severed from realty (Section 2-107)." We must ascertain whether the subject matter of the contract was movable at the time of its identification to the contract. Appellants alleged that appellee, the owner and operator of a business engaged in the retail sale of mobile homes, delivered the mobile home to appellants. The trailer was identified as appellants' at least at the time appellee delivered it to appellants. Clearly, the item was moved and was, therefore, movable at the time of the identification to the contract. Appellants did not purchase a mobile home that was affixed to a foundation in a permanent way; they bought a mobile home from a retail seller of mobile homes who delivered the item to his customers. Although no Pennsylvania case has held that a mobile home falls within the Code's definition of "goods", Texas courts have addressed this issue. In *Apeco Corp. v. Bishop Mobile Home, Inc.*, 506 S.W.2d 711, 717 (Tex.Civ.App.1974), the Texas court stated that "It is now definitely established that a mobile home is included in the

that his claim has been taken out of the statute. Anderson, Uniform Commercial Code, Vol. 1, 2d Ed. 1970.

definition of 'goods' as set out in 2–105 of the [Uniform Commercial] Code." See also, *Associates Discount Corp. v. Rattan Chevrolet, Inc.,* 462 S.W.2d 546 (Tex.Supp.1970). We conclude that because the mobile home in the instant case was movable at the time of its identification to the contract, Article Two of the UCC governs the transaction involved.

The applicable statute of frauds is, therefore, § 2–201 of the UCC which provides as follows:

"(1) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing. . . .

"(3) A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable

"(a) if the goods are to be specially manufactured for the buyer and are not suitable for sale to others in the ordinary course of the seller's business and the seller, before notice of repudiation is received and under circumstances which reasonably indicate that the goods are for the buyer, has made either a substantial beginning of their manufacture or commitments for their procurement; or

"(b) if the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made, but the contract is not enforceable under this provision beyond the quantity of goods admitted; or

"(c) with respect to goods for which payment has been made and accepted or which have been received and accepted (Section 2–606)."

The UCC Comment explicitly states that under the Code, an oral contract is not void, it is merely unenforceable. See Anderson, *Uniform Commercial Code*, Vol. 1, 2d Ed. ——, (1970). Nor is the oral contract unlawful, and it may be voluntarily performed by the parties. Moreover, Section 2–201(3)(b) specifically permits a party to waive the statute of frauds by admitting the contract in his pleading, testimony or otherwise in court. As noted in White and Summers, *The Uniform Commercial Code*, p. 57 (1972), "As already indicated, 2–201(3)(b) makes it possible for a defendant also to lose his defense of the statute of frauds via an admission at the pleading stage. Can he, similarly, win his case at the pleading stage by, for instance, demurring to a complaint that alleges an oral contract within 2–201(1) and by appending a sworn affidavit denying that an oral contract was never (sic) made? We believe defendants can no longer prevail in this fashion. Certainly the language of 2–201(3)(b) is broad enough to require that all cases go to trial so far as a statute of frauds defense is concerned, for 2–201(3)(b) contemplates the possibility that an oral contract within the statute may become enforceable by virtue of an admission in 'open court' on cross-examination."

■ We believe that 2–201 of the UCC by its own terms, permits a party to waive the statute of frauds. Moreover, 2–201 does not by its terms operate as a bar nor does it destroy a plaintiff's cause of action. In fact, the Code provides that under certain circumstances, oral contracts may be enforced. Because we find that 2–201 of the UCC is waivable, it can *only* be raised in new matter, not in preliminary objections. Due to this procedural defect, the lower court [4] improperly considered appellants' preliminary objections. We reverse and remand for further proceedings.

Reversed and remanded.

4. The lower court, without explanation, held that appellee's preliminary objections should be sustained. We note that § 2–201(3)(c) of Article Two provides an exception to the statute of frauds with respect to goods for which payment has been made and accepted or which have been received and accepted. The UCC comment states that "Receipt and acceptance either of goods or of the price consti-

tutes an unambiguous overt admission by both parties that a con-
tract actually exists." In the instant case appellant pleaded in his
complaint that the appellee delivered and appellants accepted the
subject matter goods of the contract. "Preliminary objections in the
nature of a demurrer admit as true all facts which are well and
clearly pleaded." *Erie v. Gulf Oil Corp.*, 395 Pa. 383, 386, 150 A.2d
351, 352 (1959). Therefore, the lower court must consider appel-
lants' well-pleaded facts in light of § 2–201 and the exceptions to it.