## Farrell v. Pencor Services, Inc.

*Roger N. Nanovic,* for defendant.
*David W. Saba, Jr.,* for additional defendants.

LAVELLE, *P.J.,* January 23, 1981—Before the court for disposition are the preliminary objections of additional defendant, Joseph Rubin, a newspaper reporter, and his publisher, The Wilkes-Barre Publishing Company, to the complaint of the original defendant, Pencor Services, Inc., also a newspaper publisher.

Plaintiff in this action, James R. Farrell, is seeking damages from defendant for injuries sustained as a result of publication on October 18, 1979 of an allegedly defamatory article in defendant's newspaper, The Times-News of Lehighton. Defendant, in turn, has joined the additional defendants alleging that the article appearing in The Times-News of Lehighton was for all practical purposes the identical article which appeared the same day in the additional defendant's newspaper, The Wilkes-Barre Times Leader.

In support of their demurrer, the additional defendants argue as follows: 1. Joinder of the additional defendants in the Carbon County action is prohibited by the Uniform Single Publication Act, 42 Pa.C.S.A. §8341 et seq. 2. The defendant failed to allege any legal duty of care on part of the additional defendants to the defendant.

We find the additional defendants' preliminary objections to be without merit.

## DISCUSSION

An additional defendant may file any pleading in response to defendant's complaint which a defendant may file against a plaintiff: Roberts v. Philadelphia, 3 D. & C. 3d 763, 2 Phila. Interloc. Civil Opin. 304 (1978).

A preliminary objection in the form of a demurrer by the additional defendants admits all relevant facts stated sufficiently in the pleadings to which it is addressed, all inferences reasonably deducible therefrom, but not conclusions of law or unjustified inferences. See Gekas v. Shapp, 469 Pa. 1, 364 A. 2d 691 (1976). However, in ruling upon a demurrer, the court may not consider testimony, depositions, facts appearing in the attorneys' briefs or anything outside the pleadings: International Union of Operating Engineers v. Linesville Construction Company, 457 Pa. 220, 322 A. 2d 353 (1974); Duffee v. Judson, 251 Pa. Superior Ct. 406, 380 A. 2d 843 (1977). It is a fundamental principle of law that a demurrer to a complaint cannot supply a fact missing in the complaint if the demurrer is not endorsed with a notice to plead and if the fact is unverified. See Linda Coal & Supply Co. v. Tasa Coal Co., 416 Pa. 97, 204 A. 2d 451 (1964); 2 Goodrich-Amram 2d § 1028(c)(2).

Thus, to sustain the demurrer in the instant case, it is essential that only defendant's complaint against additional defendants together with the other pleadings of record clearly indicate that defendant's claim cannot be sustained and the law will not permit recovery.

In their preliminary objections, additional defendants state in paragraph 3:

"Original Defendant has filed an Answer and New Matter to Plaintiff's Complaint and in Paragraph 32 thereof, has alleged that the Plaintiff has instituted a suit against the Additional Defendant. in the Court of Common Pleas of Luzerne County based upon the appearance of the same article in Additional Defendants' newspaper."

This fact, additional defendants argue, precludes any recovery against additional defendants by plaintiff because the Uniform Single Publication Act, 42 Pa.C.S.A. §8341, limits plaintiff's cause of action against additional defendants to a single publication.[1] According to additional defendants, plaintiff has chosen to sue the additional defendants in Luzerne County for damages arising out of additional defendants' single publication on October 18, 1979 of the article in question. Therefore, plaintiff cannot recover from additional defendants in Carbon County and additional defendants' joinder by defendant must fail.

We cannot, however, consider additional defendants' interesting argument because nowhere in the pleadings (and certainly not in paragraph 32 of the original defendant's answer and new matter) does it clearly appear that plaintiff has a suit against additional defendants in Luzerne County based on the

---

1. The Uniform Single Publication Act, 42 Pa.C.S.A. §8341, reads in relevant part: "(b) General rule.—No person shall have more than one cause of action for damages for libel or slander, or invasion of privacy, or any other tort founded upon any single publication, or exhibition or utterance, such as any one edition of a newspaper. . . . Recovery in any action shall include all damages for any such tort suffered by the plaintiff in all jurisdictions."

article here in question.[2] Further, additional defendants' preliminary objections are neither endorsed with notice to plead nor are they verified. As to this part of its preliminary objections, additional defendants have a speaking demurrer and as such the demurrer is procedurally defective.[3]

The additional defendants' second contention is that defendant failed to allege a legal duty of care between defendant and the additional defendants. Additional defendants argue that they were not in the business of supplying news to defendant and that defendant took the article from the additional defendants' newspaper without permission of additional defendants.

The law in this area is that:

"[T]he originator of a defamation is not liable for any repetition or republication thereof, or any additional circulation given to it which is not the natural consequence of his act, but results from the independent and unauthorized act of another, that is, where defamatory matter is republished by a person other than the original author, the author is not liable therefor unless the republication is the natural and probable consequence of his own act. . . ." 53 C.J.S., Libel & Slander §85. See Anno., Defamation—Republication by Others, 96 A.L.R. 2d 373.

---

2. Paragraph 32 of the original defendant's new matter reads as follows: "Plaintiff, James R. Farrell, has brought suit against Joseph Rubin and The Wilkes-Barre Publishing Company, trading and d/b/a The Wilkes-Barre Times Leader in the Court of Common Pleas of Luzerne County.

3. The additional defendants may raise the said improperly included fact in their new matter and subsequently raise the same issue in a motion for judgment on the pleadings: Berlin v. Drexel University, 10 D. & C. 3d 319 (1979); Eichman v. Buss, 29 Lehigh 296 (1961).

Defendant has stated in paragraph 8 of its complaint that additional defendants' newspaper was always regarded as a "reliable newsworthy source of news and information of public concern." This averment is sufficient in our view to raise the factual issue as to whether a reasonable person in the position of additional defendants could or should have foreseen republication of the article by defendant. See Anno., supra, §3. See, also, Davis v. National Broadcasting Company, 320 F. Supp. 1070 (E.D. La. 1970).

Accordingly, we enter the following

### ORDER

And now, January 23, 1981, it is hereby ordered and decreed as follows:

1. The preliminary objections of the additional defendants be and are hereby dismissed.

2. The additional defendants are given leave to file an answer to defendant's complaint within 20 days from the date of this order.