## Rodriguez v. City of Lancaster

*Michael W. Wagman,* for plaintiff.
*Joel D. Smith* and *J. Richard Gray,* for defendants.

ECKMAN, *J.,* April 7, 1982—Before the court is the preliminary objection in the nature of a demurrer of defendant, City of Lancaster, to a complaint in trespass filed by plaintiffs, Emiliano J. Rodriguez, a minor, by Petra Ramirez, his parent and natural guardian, and Petra Ramirez, in her own right.

We are guided by well established principles when ruling on the sufficiency of a demurrer. "A demurrer by a defendant admits all relevant facts sufficiently pleaded in the Complaint and all infer-

ences fairly deducible therefrom for the purposes of testing the legal sufficiency of the challenged pleadings." Duffee v. Judson, 251 Pa. Superior Ct. 406, 409, 380 A. 2d 843. 844-45 (1977). Moreover, ". . . to sustain preliminary objections in the nature of a demurrer, it must appear with certainty that, upon the facts averred, the law will not permit recovery by the plaintiff." Schott v. Westinghouse Electric Corp., 436 Pa. 279, 291, 259 A. 2d 443, 449 (1969).

For purposes of defendant's demurrer, the pleadings disclose that during the late afternoon hours of October 27, 1978, the fire department of the City of Lancaster responded to a fire at 305 Marshall Street just south of the intersection of Marshall and Dauphin Streets in the City of Lancaster. A fire truck was legally parked immediately west of the intersection on the south side of Dauphin Street, facing in an easterly direction. Emiliano Rodriguez, who at the time was almost eight years of age, was attracted to the scene of the fire and to the fire truck. While attempting to cross Dauphin Street from south to north from behind the fire truck Emiliano was struck by an automobile operated by defendant, James R. Oatman. At the time of the accident, Emiliano was traveling away from the scene of the fire and away from the fire truck. Mr. Oatman was operating his vehicle in a westerly direction. Emiliano suffered severe permanent injuries as a result of the accident. Emiliano's mother, Petra Ramirez, claims to have suffered emotional shock and mental distress as a result of her son's injuries.

Plaintiffs' cause of action against the City of Lancaster is premised upon plaintiffs' allegations that

the city, through its agents, servants and workmen, was negligent in the following:

(a) Failing to properly supervise the area in the vicinity of its fire truck parked on Dauphin Street;

(b) Failing to insure that children, such as minor plaintiff, attracted to the area would be properly safeguarded;

(c) Creating a dangerous condition by the placement of its fire truck which would act as an attractive nuisance to children such as minor plaintiff, and failing to exercise due care in the supervision of the same;

(d) Failing to exercise due care in permitting minor plaintiff to pass in close proximity to its fire truck such that he was not visible to Defendant Oatman;

(e) Failing to exercise due care by permitting Defendant Oatman to operate his vehicle in the vicinity of the fire truck while said fire truck was engaged in firefighting operations;

(f) Failing to set adequate standards for its agents, servants, workmen and employees respecting the supervision of children such as minor plaintiff who are prone to be attracted to the vicinity of firefighting operations;

(g) Failing adequately to police, inspect, observe, direct or otherwise supervise children such as minor plaintiff who had gathered in the vicinity of the fire at 305 Marshall Street at the aforesaid date, time and place;

(h) Failing to exercise due care for persons in the position of minor plaintiff under all of the circumstances; and

(i) Being otherwise careless, reckless and negligent.

According to these allegations, plaintiffs' cause of action is based, in part, on the attractive nuisance doctrine. The city maintains that neither the parked fire truck nor the firefighting operation itself constituted an attractive nuisance. The city also contends that the complaint fails to state a cause of action because, under the circumstances, the city owed no duty of care to plaintiff.

The Restatement, 2d Torts, §339* defines the attractive nuisance doctrine in the following language:

A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if

(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger

---

*The Restatement, 2d, Torts, §339 was adopted by the Pennsylvania Supreme Court in Jesko v. Turk, 421 Pa. 434, 219 A. 2d 591 (1966).

are slight as compared with the risk to children involved, and

(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.

All five requirements must be present in order to hold the possessor of land liable: Jesko v. Turk, 421 Pa. 434, 219 A. 2d 591 (1966). In concluding that a fire truck which responds to a fire and is legally parked close to the scene of the fire is not an attractive nuisance, we choose to consider only the lack of subsection (d) in the present case for purposes of this determination.

In determining whether a parked fire truck at the scene of a fire, with nothing more in the way of additional factors, creates an unreasonable risk of harm to children, we are obliged to balance the recognizable risk to children with the utility to the city and community of having fire trucks parked close to the scene of a fire. Comment n. of the Restatement, 2d Torts, §339, states, inter alia:

A particular condition is, therefore, regarded as not involving unreasonable risk to trespassing children unless it involves a grave risk to them which could be obviated without any serious interference with the possessor's legitimate use of his land.

Plaintiffs contend that the risk involved in parking a fire truck at the scene of the fire could be obviated by the "simple expedient" of having a person at the scene to protect children in the area. We do not consider plaintiffs' contention so simple in view of the fact that a fire area involves a 360 degree circle of considerable radius encompassing parked fire equipment. Plaintiffs' position, if adopted by us, would require that persons be assigned at each fire area to provide supervision for

children to prevent, inter alia, darting into the street. While the costs of maintaining such protection may not be prohibitive, it is a factor for consideration along with other factors. These factors include the amount of protection a municipality can provide, the limitations on community resources, the use of firefighting and police personnel to provide protection for children and the impact of these factors on the loss of fire protection for those citizens of the community who are unfortunate enough to suffer the ravages of a fire.

In consideration of all these matters, we believe that to permit an action against the city on the basis of the attractive nuisance doctrine under the present set of facts would not only be contrary to existing law but would carry the doctrine to extremes. While the doctrine is intended to protect children from dangers that they are too young to appreciate, it was never intended to protect them against harm resulting from their own immature recklessness in the case of known and appreciated danger. See Restatement, 2d, Torts, § 339, Comment m. The danger involved in running onto the street from behind a parked vehicle without looking both ways is a common and easily appreciated danger, even to an eight year old child. The risk to children involved here was therefore not unreasonable when weighted against the community's interest in effective fire protection.

Nor do we believe that plaintiffs have stated a cause of action against the city based on the breach of an alleged duty to supervise children in the area of a fire. Plaintiffs cite several cases for the principle that one who engages in an activity has a social duty to do so in a manner which prevents negligent harm to other persons: Doyle v. South Pittsburgh Water Co., 414 Pa. 199, 199 A. 2d 875 (1964). This social duty is the crux of modern tort law that serves

to protect a person's interest in being free from unreasonable risks of injury by imposing upon the actor a duty of ordinary or reasonable care: Hahn v. Atlantic Richfield Co., 625 F. 2d 1095 (3d Circ., 1980). The extent of this duty varies with the circumstances of each case depending on the reasonableness of the risk incurred as weighed against the utility of the actor's conduct. Thus, the determination of the actor's duty effectively involves the balancing of many of the same considerations that we discussed previously in considering the attractive nuisance doctrine. It is a balance that weighs heavily in favor of the community's interest in maintaining an effective firefighting capacity. We will not impose upon the city a standard that requires so high and so unreasonable a degree of care as to make the city the insurer of the safety of every child who might be in the area of a firefighting operation. See Cooper v. Pittsburgh, 390 Pa. 534, 136 A. 2d 463 (1957). (City not the insurer of the safety of every child who enters city supervised playground.)

In holding that plaintiffs have failed to establish a legally cognizable cause of action against the City of Lancaster under the circumstances of this case, we need not consider the city's final contention concerning plaintiffs' alleged failure to provide the city with statutory notice under 42 Pa.C.S.A. §5522.

Accordingly, we enter the following

## ORDER

And now, April 7, 1982, the court hereby sustains the preliminary objection in the nature of a demurrer filed by defendant, City of Lancaster, and dismisses the complaint against the City of Lancaster.