## Simpson v. Americana Hotels

*James T. Reilly,* for plaintiff.
*Michael W. Babic,* for defendant.

ECKMAN, *P.J.,* September 22, 1986—Presently before the court are the preliminary objections in the nature of a demurrer filed by defendant, Americana Hotels, t/d/b/a/ Host Farms, to the complaint filed by plaintiffs, Jessica M. Simpson, a minor by her guardian, Samuel J. Simpson, and Samuel J. Simpson, individually.

On March 20, 1985, plaintiffs filed a complaint asserting strict liability and negligence claims and seeking damages from defendant arising out of in-

juries sustained by plaintiff, Jessica M. Simpson, while riding a bicycle rented from defendant on defendant's bike path. Defendant filed the instant preliminary objections on December 11, 1985, to which plaintiffs filed an answer on January 9, 1986. Briefs having been filed by the parties, the matter is ready for disposition.

Defendant demurs to paragraphs 9(b) and (c) of the complaint on the ground that the allegations contained therein fail to state a cause of action for strict liability against defendant under the law of Pennsylvania.

When ruling upon the sufficiency of a demurrer, this court is guided by well-established principles.

"A demurrer by a defendant admits all relevant facts sufficiently pleaded in the complaint and all inferences fairly deducible therefrom for the purposes of testing the legal sufficiency of the challenged pleading." *Duffee v. Judson,* 251 Pa. Super. 406, 409, 380 A.2d 843, 844-5 (1977).

Moreover, "[t]o sustain preliminary objections in the nature of a demurrer, it must appear with certainty that, upon the facts averred, the law will not permit recovery by the plaintiff." *Schott v. Westinghouse Electric Corp.,* 436 Pa. 279, 291, 259 A.2d 443, 449 (1969).

Paragraphs 9(b) and (c) of the complaint provide as follows:

"(9) Defendant is strictly liable to plaintiffs for the injuries resulting from the use of the bicycle for the following reasons:

"(b) Installing, designing and maintaining a bicycle path with curves having angles which defendant knew or should have known would result in accidents because of the inability of bicyclists to negotiate them; and

"(c) Designing, installing and maintaining bicycle paths which had the propensity for injury to its user which defendant knew or should have known, since bushes and trees were installed immediately adjacent to the traveled portion of the paths which would cause injury to a person using the path in the event of emergency or accident while using said paths."

Pennsylvania courts have adopted section 402A of the Restatement (Second) Torts (1965), which provides for a cause of action in strict liability, as follows:

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

"(a) the seller is engaged in the business of selling such a product, and

"(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

"(2) The rule stated in subsection (1) applies although

"(a) the seller has exercised all possible care in the preparation and sale of his product, and

"(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller." *Webb v. Zern,* 422 Pa. 424, 220 A.2d 853 (1966).

Defendant argues that paragraphs 9(b) and (c) fail to state a cause of action in strict liability because, inter alia, a bike path is not a product as required by section 402A. Plaintiffs maintain that the bike path is analogous to a fixture upon real estate and should be considered a product for purposes of strict liability. Cf. *Abdul-Warith v. Arthur G. McKee*

*and Company,* 488 F. Supp. 306 (E.D. Pa. 1980), affirmed, 642 F.2d 440 (3d Cir. 1981). In our view, plaintiffs' argument strains the imagination.

Neither the parties nor our research have revealed any Pennsylvania cases directly on point. We are guided, however, by the recent decision of *Edward M. Chadbourne Inc. v. Vaughn,* 55 U.S.L.W. 2089 (Fla. Supreme Ct., July 17, 1986) (No. 66-413), wherein the contractor who constructed a public road was sued in strict liability for damages arising out of an accident which occurred while plaintiff's decedent was using the road. The Florida Supreme Court found, inter alia, that the public road was not a product for purposes of the application of strict liability. We are constrained to agree.

Similarly, we find that the bike path located on defendant's property is not a product within the meaning of section 402A, *supra.* Therefore, the allegations contained in paragraphs 9(b) and (c) of the complaint fail to state a cause of action against defendant in strict liability, and defendant's demurrer thereto must be sustained.

Having so decided, we need not address the other arguments raised in defendant's brief.

Accordingly, we enter the following

## ORDER

And now, September 22, 1986, the court sustains the preliminary objections in the nature of a demurrer filed by defendant, Americana Hotels, t/d/b/a Host Farms, to the complaint filed by plaintiffs, Jessica M. Simpson, a minor by her guardian, Samuel J. Simpson, and Samuel J. Simpson, individually. Paragraphs 9(b) and (c) of the complaint are hereby stricken.

Plaintiffs are granted 20 days from the date of this order to file an amended complaint, if they so desire.